[Civil No. 857.   Filed March 30, 1905.]

[80 Pac. 337.]

GILA VALLEY, GLOBE AND NORTHERN RAILWAY COMPANY, Defendant and Appellant, v. A. J. LYON, Plaintiff and Appellee.

1. APPEAL AND ERROR — LAW OF CASE — SUFFICIENCY OF EVIDENCE.—
Where the evidence adduced upon a second trial is substantially the same as upon the first, and upon the first appeal the court held that this evidence was sufficient to warrant the submission of the question of negligence on the part of the company to the jury, such ruling becomes the law of the case and is conclusive upon any subsequent appeal.

2. TRIAL — JURY — SPECIAL INTERROGATORIES — DISCRETIONARY — REV. STATS. ARIZ. 1901, PAR. 1427, CONSTRUED AND HELD DIRECTORY ONLY.
—Paragraph 1427, *supra*, providing that "In all cases, whether law or chancery, where more than one material issue of fact is joined, interrogatories may, under proper instructions, be submitted to the jury in writing," etc., is directory and not mandatory, and leaves the matter of submitting the interrogatories in any case to the sound discretion of the court.

3. MASTER AND SERVANT— NEGLIGENCE—CAUSE — CONCURRING — PROXI-MATE—SOLE.—If a railroad company was negligent in constructing a spur, and if this negligence contributed to the accident in the sense that otherwise it would not have occurred, then such negligence, coupled with the negligence of the conductor, was the proximate cause, and the company is liable; but if the negligence of the conductor was such as would have resulted in the accident even had the railroad company exercised due care and diligence, then the negligence of the conductor would have been not only the "proximate," but the "sole," cause of the injury, and the company would not be liable.

4. SAME—SAME—SAME—SAME—CHARGE TO JURY—NOT INCONSISTENT
   WITH FORMER HOLDING OF SUPREME COURT.—In an action for dam-
   ages for the death of a railroad employee through the negligence
   of a railroad company, the issue being whether the accident was
   caused in whole or in part by the negligence of the company or by
   the negligence of a fellow-servant alone, and the supreme court
   on a former appeal having said that if the act of the servant was
   the ''proximate'' cause of the injury it was immaterial whether
   such negligence was or was not coupled with the company's negli-
   gence, but if the injury was caused both by the negligence of the
   fellow-servant and of the company, the company would be liable,
   the charge of the court upon a second trial, that in determining
   whether the company was liable the jury were to determine whether
   its negligence contributed to the accident, or whether the accident
   was caused ''solely'' by the negligence of the fellow-servant, was
   proper, and followed the opinion of the supreme court, notwith-
   standing the substitution of the word ''solely'' for ''proximate.''

5. NEGLIGENCE—PROXIMATE CAUSE.—The term ''proximate cause,'' in the
   sense in which it is ordinarily used, means the efficient cause,
   which in a natural and continuous sequence, unbroken by any
   new and independent cause, produced the event, and without which
   that event would not have occurred.

6. EVIDENCE— EXPERT WITNESS — COMPETENCY — DISCRETIONARY.—The
   question of the competency of an expert witness is a matter resting
   in the sound discretion of the court, and its exercise will not be
   reviewed but for abuse.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Gila.   Ed-
ward Kent, Judge.   Affirmed.

Affirmed.   Opinion, 203 U. S. 465, 51 L. Ed. 276.

The facts are stated in the opinion.

Frank W. Burnett, for Appellant.

Falvey & Davis, and George R. Hill, for Appellee.

SLOAN, J.—This is the second appeal in this case.   Upon
the first appeal the judgment rendered in the court below in
favor of the appellee was reversed, and a new trial granted
upon the ground of error in the giving of an erroneous in-
struction and in refusing to give a proper instruction.   *Gila
Valley etc. Co.* v. *Lyon,* 8 Ariz. 118, 71 Pac. 957.   Upon a
retrial of the cause a verdict was again found by the jury

in favor of the appellee, and a judgment entered thereon. From the ruling of the court denying its motion for a new trial and from the judgment appellant brings this appeal.

The first error assigned is based upon the refusal of the trial court to instruct the jury, at the conclusion of the evidence, to return a verdict for the defendant upon the ground, as stated in the motion made in that behalf, that the evidence failed to make out a case of negligence on the part of the defendant railroad company. The evidence adduced upon the second trial was substantially the same as upon the first trial. We held upon the first appeal that this evidence was sufficient to warrant the submission of the question of negligence on the part of the railroad company to the jury. It is settled law that all rulings made by the appellate court upon a first appeal become the law of the case, and are conclusive upon any subsequent appeal. *Roberts* v. *Cooper*, 20 How. 467, 15 L. Ed. 969; *Clark* v. *Keith*, 106 U. S. 464, 1 Sup. Ct. 568, 27 L. Ed. 302; *United States* v. *Neustra Señora de Regla*, 108 U. S. 92, 2 Sup. Ct. 287, 27 L. Ed. 662.

Counsel for the appellant, before the argument of the case, requested the trial court to submit certain special interrogatories to the jury for their answer. The court expressed a willingness to do this, but found exception to the wording of one of the interrogatories submitted, and suggested an amendment thereto. Counsel declined to consent to any amendment to the interrogatory, whereupon the court refused to submit any special question to the jury. This ruling is assigned as error. At common law the practice of submitting special interrogatories to a jury was not allowed, and the finding of the jury was restricted to a general verdict or a special verdict, as it might elect. In certain of the older states a practice originated at an early day of the court submitting certain questions to the jury to be answered by them as supplementary to a general verdict. In many of the states this practice has been incorporated into the statutes. As a rule, these, unless mandatory in terms, are construed as permitting the practice, but leaving it to the sound discretion of the trial court whether it be followed in any particular case. Paragraph 1427, of the Revised Statutes of 1901 reads: "In all cases, whether law or chancery, where more than one material issue of fact is joined, interrogatories may, under proper

instructions, be submitted to the jury by the court in writing,'' etc. A cursory reading of this statute discloses that it is directory, and not mandatory, and that it leaves the matter of submitting the interrogatories in any case to the sound discretion of the court. Such has been the ruling of this court. *Taggart Mercantile Co.* v. *Clack*, 8 Ariz. 295, 71 Pac. 925.

Exception is taken to the oral charge of the court, in that it does not follow the law as laid down by us upon the first appeal. That part of the charge of the court complained of reads as follows: "If the accident causing the death was brought about by the negligence of the dead man himself, or his negligence contributed thereto, then you cannot, gentlemen, find a verdict against this defendant company. If the accident was brought about solely by the negligence of the conductor of the train, a fellow-servant, the defendant company is not responsible in damages, and you cannot find a verdict against the defendant in this case. Negligence, for the purpose of this case, I will define to be a failure to use such care as a person of ordinary prudence would use under like circumstances. Now, in this case, the conductor of the train was a fellow-servant of the man who was killed, and, if the accident was brought about solely by the negligence of the conductor of the train, then the defendant company is not liable; or if the accident was brought about by the negligence of the conductor and the negligence of the man who was killed, the defendant company is not liable. If, however, the accident was caused by a failure of the defendant company to provide a reasonably safe place to perform the work in which the man who was killed was engaged, then the defendant company is liable in damages for the death, if it was negligent in not providing such safe place. The fundamental question, therefore, for you to determine in this case, is, What was the cause of this accident—what brought it about? If you find that this accident was caused solely by the action of the conductor in the method which he employed in putting cars on the spur at the time in question, then you should find a verdict for the defendant company, and you should not award any damages to the plaintiff in this case; or if you should find that the dead man has, through his own negligence, brought about this accident, or contributed to it, then you should find for the defendant, and you should not

award any damages in this case. On the other hand, if you find that the defendant company was negligent in not providing a reasonably safe place for the performance of the work, you should find for the plaintiff, and award her damages, provided that the negligence of the defendant in not providing such safe place was the cause of the accident, or contributed to the accident. To find for the plaintiff, it is not enough that you should find that the premises were unsafe, or that the defendant company was negligent, in that respect, in not providing a safe place. You must also find that the place was unsafe, and that the accident was brought about or contributed to by reason of that unsafe place. That is, if you should find that the act of the conductor was the sole, or if you should find that it was the proximate or the procuring, cause of the accident, then you should not award damages; but if you find that the accident was caused by the acts of the conductor and also by the negligence of the defendant company in not providing a safe place to do the work, then you should find damages for the plaintiff. In other words, in order to award damages to the plaintiff, you must find, first, that the defendant company was negligent in not providing a safe place to do the work, and that such negligence was the cause of the accident or contributed thereto. If you find the accident was brought about solely by the acts of the conductor, you should not award damages. If the acts of the conductor alone did not cause the accident, but the accident was contributed to by the negligence of the defendant company by not providing a safe place to work, then you should award damages. In determining this case, gentlemen, you should take into consideration all the evidence in the case. You are the sole judges of the evidence, or the weight to be given it, and of the credibility of the witnesses; and from the evidence before you you should determine these questions: First. Was the place where the deceased was working a reasonably safe place for the performance of the work to be done there—a reasonably safe place considering the character of the work to be done and the character of the premises? Second. If you find it was not reasonably safe, and the defendant company was negligent in that respect, did that fact have anything to do with the accident, or was it caused by the negligence of the conductor of the train alone? If it was caused solely or

procured or brought about by the negligence of the conductor, then the defendant is not liable. If the negligence of the defendant company contributed to the accident, then the defendant is liable, provided the dead man himself was not guilty of any negligence which contributed to the accident." Upon the first appeal we said: "If the act of the conductor was the proximate cause of the injury, then it made no difference with respect to the freedom from liability of the defendant, as a matter of law, whether the negligence of the conductor was or was not coupled with the defendant's negligence. It is, of course, well settled that, if the injury was caused both by the negligence of the fellow-servant and the negligence of the master, then the master is liable. His negligence is then a contributory or co-operative cause, for which he is liable. But when the proximate cause of the injury is the negligence of a competent fellow-servant no recovery can be had, even though the place or appliances are defective, and the master is negligent in that respect; and whether such negligence of the fellow-servant was the proximate cause, or whether the defendant's negligence was a contributory cause, is ordinarily a question for the jury." The trial court, in his oral charge, used the term "proximate cause," as applied to the negligence of the conductor, as synonymous with "sole cause." It becomes important to determine whether this language of the charge, implying that, unless the negligence of the conductor was the "sole cause" of the injury, the defendant was liable, is inconsistent with the declaration of law laid down by us. It is apparent that in that part of our former opinion which we have quoted we used the term "proximate cause" as implying the opposite of concurring or contributory cause. This use of the term "proximate cause" in the opinion was proper enough, and was not misleading when construed in the light of the context. It was not, however, in its application to the subject-matter of the charge to the jury, the only term, or, indeed, the best term, to convey the meaning of the court. Strictly speaking, where an accident is caused by reason of concurring acts of negligence on the part of the defendant and another, the negligence of neither can be said to be the "proximate cause," nor is the term "proximate cause" properly used in designating the cause of the accident. The term "proximate cause," in the

sense in which it is ordinarily used, means the efficient cause, which in a natural and continuous sequence, unbroken by any new and independent cause, produced the event, and without which that event would not have occurred. If the event cannot be said to be the natural and continuous sequence of the act of negligence, then such negligence becomes remote, and not proximate. *Insurance Co. v. Boon,* 95 U. S. 130, 24 L. Ed. 395; *Milwaukee etc. Ry. Co. v. Kellogg,* 94 U. S. 470, 24 L. Ed. 256. Where an accident is the natural and continuous sequence of concurring acts of negligence committed by two or more persons, such concurring acts of negligence become the proximate cause of the accident. *Kraut v. Frankford,* 160 Pa. 327, 28 Atl. 783. It is only when the negligence of either of two persons, shown to have been guilty of negligent acts, was a sufficient cause in itself, in the sense that the event would naturally have resulted therefrom independent of the negligence of the other, that the negligence of the former can be said to be the proximate cause. In such event the proximate cause becomes the sole cause.

In the case at bar it was the duty of the railroad company to have exercised reasonable care and caution to construct and maintain its spur at the place where the accident occurred so as to guard against such accidents as might reasonably have been foreseen as liable to happen. If it failed in its duty in this respect, it was guilty of negligence, and, if this negligence contributed to the accident in the sense that otherwise it would not have occurred, then its negligence, coupled with the negligence of the conductor in operating the train, became the proximate cause. On the other hand, if the conductor was guilty of negligence in operating the train, and this negligence, coupled with the negligence of the railroad company in the matter of the construction and maintenance of its spur, was the cause of the injury, such negligence on the part of the conductor was a concurring or co-operative cause, but not the sole cause. If the negligence of the conductor was such as would have resulted in the accident even had the railroad company exercised due care and diligence, then the negligence of the conductor would have been not only the "proximate," but the "sole," cause of the injury, and the railroad company would not be liable. The issue raised by the pleadings and submitted was whether the accident was caused

in whole or in part by the negligence of the company. The question whether the company was liable would be answered in the negative were the jury to say that the conductor's negligence was the sole cause of the accident, for, if the sole cause, then no negligence on the part of the company could have contributed to it. The court did, therefore, properly charge the jury that in determining the question whether the company was liable for the injury they were to find whether negligence on the part of the company contributed to the accident, or whether it was brought about solely by the negligence of the conductor. We think the instructions complained of are consistent with the holdings of the court upon the former appeal, and we think they, considered as a whole, could not have misled the jury to the prejudice of the defendant. The instruction requested by the defendant and refused by the court, and which was made the subject of the eighth assignment of error by appellant, was clearly not the law, for the reason that it contained an improper definition of "proximate cause," as we have herein defined the term, and for the additional reason that it did not give effect to our former declaration of law relating to the effect of concurring or co-operative acts of negligence.

None of the other assignments of error relating to instructions given and others refused present reversible error.

With regard to the last assignment of error, which relates to the admission of the testimony of certain "expert" witnesses and the objection of the defendant that these were not shown to be competent to give their opinion as to the safety of the place where the deceased was at work, it is sufficient to say the question of their competency was a matter that rested in the sound discretion of the trial court, and we do not find that this discretion was abused. *Spring Co.* v. *Edgar,* 99 U. S. 645, 25 L. Ed. 487.

The judgment is affirmed.

DOAN, J., and DAVIS, J., concur.

NOTE.—As to the relation of the proximate cause doctrine to the rule of liability of a master for injuries to his servants caused by combined negligence of himself and a fellow-servant, see note to *Lutz* v. *Atlantic etc. R. R. Co.,* (N. M.) 16 L. R. A. 819.