CINCINNATI STREET RY. CO. v. HICKEY.

Ohio Appeals, 1st Dist., Clermont Co.

No. 95. Decided May 7, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**923. PLEADINGS—753. Measure of Damages.**
Not error for court to overrule motion to require plaintiff to make petition definite and certain by setting out items of damage separately and giving amount of damages claimed for each item. No rule requiring fixing of value on each particular item of property damaged.
**480. EVIDENCE—869. Opinions.**
Where witnesses called to give opinion evidence, do not appear well qualified, this affects weight and not admissibility of evidence. Unless evidence so admitted appears to have been prejudicial, verdict will not be set aside.

Error to Common Pleas.
Judgment affirmed.

Alvin H. Hodges and John M. McCaslin, Cincinnati, for Ry. Co.
Nichols, Speidel & Nichols, Batavia, for Hickey.

FULL TEXT.
PER CURIAM.
Defendant in error, Ross V. Hickey, brought suit against the plaintiff in error, The Cincinnati Street Railway Company, in the Court of Common Pleas of Clermont County, Ohio, seeking to recover for damages to real and personal property of the plaintiff below, caused by the Street Railway Company's car leaving its track in the Village of Milford, Ohio, and crashing into the funeral home and the residence of Hickey, thereby damaging his real and personal property.

The trial resulted in a verdict and judgment for Hickey in the sum of $2,400. The Railway Company prosecutes error to this court, seeking a reversal of that judgment.

The answer of the Railway Company admits liability, but denies the nature, extent, and character of the injuries and damages, as claimed in the plaintiff's petition.

The first point of error made is that the court erred in overruling the motion of the defendant to require the plaintiff to make its petition definite and certain, by setting out the different items of damage separately, and giving the amount of the damages claimed for each item, and that the plaintiff be required to strike certain matter from the petition concerning the loss of use of the funeral parlor and good-will for a period of time.

Plaintiff in the petition does set out with particularity the injuries to the realty, and with particularity the injuries to the different items of personal property, and makes claim for damages on account thereof in the lump sum of $6,000. The claim is a general claim for damages based on the allegations of injuries to the real and personal property.

We know of no rule that would require the fixing of value on each particular item of property damaged. He claimed damages on account of the specific injuries in a lump sum, and it thereupon became a question of the proof, and it was for the jury to assess the damage to the property as a whole.

If there was error in the overruling of the motion to strike the allegations in the petition as to loss of use of the building and loss of business, it was cured by the withdrawal of any claim for loss on this account at the trial. There was no prejudicial error in the overruling of the motion to strike.

The other ground of error argued goes to the admitting of opinion evidence on the values placed on the property damaged. The only question to go to the jury was the amount of the damage. Some of the witnesses, called to give opinion evidence, did not appear well qualified to give such opinion evidence, but this affected the weight and not the admissibility of the evidence.

It is the rule that a reasonable amount of discretion may be exercised by the trial court in permitting witnesses to give opinion evidence, and, unless evidence so admitted appears to have been prejudicial, a verdict will not be aside because of the court's ruling on its admission.

Our conclusion is that the evidence fully supports the amount of the verdict and judgment, and that no prejudicial error intervened.
(Hamilton, PJ., Mills and Cushing, JJ., concur.)