233 P.2d 449

**BARKER et ux. v. GENERAL PETRO-LEUM CORP. et al.**

No. 5285.

Supreme Court of Arizona.

July 12, 1951.

Morgan & Locklear, of Phoenix, for appellants.

Moore & Romley, Struckmeyer & Struckmeyer and Jack C. Cavness, Phoenix, for appellees.

STANFORD, Justice.

On motion for rehearing appellants have called our attention to portions of the original opinion which we believe should be clarified.

■ The opinion must be interpreted in the light of the record before the court.

We had before us only the evidence presented by the plaintiffs, which for the purpose of testing the correctness of the ruling of the trial court at the close of plaintiffs' case, must be considered as true.

■ We said in that opinion that there were two issues presented to us on the appeal: (1) Was Bland guilty of actionable negligence? and (2) If so, are the appellees or either of them liable for such negligence? Perhaps it would have been more accurate to state that there was presented to us but one issue, to wit: Did the trial court err in instructing a verdict for defendants at the close of plaintiffs' case? In determining this issue we necessarily had to consider the question of whether the evidence presented was sufficient to take the case to the jury on the question of negligence and who was responsible therefor.

■ What we intended to say in that opinion was that the evidence submitted by plaintiff relative to the negligence of Bland, which at that stage of the trial must be considered as true, was in the opinion of the court adequate to establish actionable negligence and that the trial court erred in taking the case from the jury. It was not our intention to foreclose the issue of negligence or any other issue properly raised by the pleadings on a retrial of the case.

■ We held that the admission of the contract between General Petroleum Corporation and Simpson carried with it the manual as an integral part thereof and

240

that the contract, when considered in its entirety, created the relation of principal and agent between the contracting parties. It was not only the right but the duty of the court on the record before it to interpret the written contract in order to determine the relation between Bland and Simpson and between Bland and General Petroleum Corporation and their respective liabilities to the plaintiff Barker.

We did not undertake to determine, and in fact were without jurisdiction under the pleadings to determine, the rights and liabilities of General Petroleum Corporation and Simpson to each other under their contract.

■ Having held that Simpson was the agent of General Petroleum Corporation under the contract in evidence, and that Bland was a sub-agent engaged at the time in question in delivering petroleum products to plaintiff for General Petroleum Corporation, and there being no pleadings before the court alleging that Simpson was guilty of negligence either in the selection of Bland or in retaining him after learning of his negligence in the performance of his work, we properly reversed the order and judgment of the trial court as to the General Petroleum Corporation and affirmed it as to Simpson. We reaffirm the original opinion except as herein modified and remand the cause for a new trial in accordance with the views herein expressed.

UDALL, C. J., and PHELPS, DE CONCINI and LA PRADE, JJ., concur.