352 P.2d 754

**CITY OF PHOENIX, a municipal corporation, Appellant,**

v.

**Margaret BROWN and Lonnie W. Brown, husband and wife, Appellees.**

No. 6563.

Supreme Court of Arizona.

June 1, 1960.

---

William C. Eliot, former City Atty., George Mariscal, John F. Mills, Merle L. Hanson, Anis Mitchell and Charles A. Filler, Asst. City Attys., Phoenix, John R. Franks, Phoenix, present City Atty., for appellant.

Douglas O. Peterson, Phoenix, for appellees.

PHELPS, Justice.

This is an appeal from a judgment rendered in accordance with the jury's verdict against the defendant-appellant, the City of Phoenix, and in favor of the plaintiffs-appellees, Margaret Brown and her husband, Lonnie W. Brown, and from the order denying the city's motion for a new trial. The suit was brought by Margaret Brown, with her husband being joined as plaintiff, to recover money damages for injuries received as a result of a fall she suffered on a downtown city street. Margaret Brown will hereinafter be referred to as plaintiff and the defendant-appellant as the city.

The facts, stated in a light most favorable to sustaining the judgment, are as follows: sometime shortly after noon on May 1, 1956, the plaintiff was walking in a southerly direction at the intersection of Second Street and East Washington in the City of Phoenix. She was accompanied by her brother-in-law Jack Brown and his wife, Vermell Brown and their children. They were waiting for the stop light to change before entering the westerly crosswalk in order to proceed with their shopping at the J. C. Penney store on the opposite corner. Several rows of people were standing in front of them, and as the light changed and they began to move forward, plaintiff's toe caught in a small hole at that point where the asphalt cement of the street and the concrete curb join. In an effort to catch her balance, she took several rapid steps forward and fell near the center of the street. The city police who were summoned, took her to Memorial Hospital where she was examined and given first aid. Because the intern at the emergency center

there did not believe her injuries were serious, she was released.

Upon subsequent examination however by her family physician, Dr. Rothman, it was determined that her injuries were of a serious nature. For example, Dr. Rothman testified that she suffered a cerebral concussion, a severe contusion of the right lateral scalp, continuous severe pain of the lower lumbosacral spine with severe muscle spasticity, left-sided sciatica, and a marked weakness of the left lower extremity. Dr. Rothman also testified that plaintiff became "extremely weak, dizzy, somewhat uncoordinated in speech, walked in with difficulty and had difficulty controlling her left lower extremity."

The city complains that five prejudicial errors were committed by the trial court. We will consider these assignments separately in the order of their presentation.

The city's first assignment of error is that the court refused to direct a verdict in its favor at the close of plaintiff's case and again after the presentation of all the evidence. Two reasons are assigned which we shall consider in turn. The first refers to the testimony of Jack Brown, plaintiff's brother-in-law, concerning the age of the hole in which plaintiff tripped. The city contends that an insufficient foundation had been laid for the admission of his testimony in that there had been no connection between this witness' testimony and the hole

allegedly causing plaintiff's injuries. This contention is refuted by the reporter's transcript which shows that Vermell Brown, Jack Brown's wife, saw the hole and saw plaintiff trip in it. Vermell Brown specifically located the hole after plaintiff was taken to the hospital. She described it and stated that she and Jack Brown examined it together. And the testimony of each of these witnesses fully corroborates the other in these respects.

It is further argued by the city that the witness Jack Brown was not qualified to give his opinion as to the age of the hole since he had testified that his experience was as follows:

"Well, I have done a little bit of asphalt, filling holes, and I have done concrete work, foundation. I haven't done any street work, but I have filled holes and the other."

In Allied Van Lines v. Parsons, 80 Ariz. 88, 293 P.2d 430, 433, this Court said:

"* * * it is well-settled law in this jurisdiction that the question of whether an expert witness is competent is a matter that rests in the sound judicial discretion of the trial court. Gila Valley, G. & N. R. Co. v. Lyon, 1905, 9 Ariz. 218, 80 P. 337; Arizona Superior Mining Co. v. Anderson, 1927, 33 Ariz. 64, 262 P. 489; Wigmore on Evidence, Vol II, Section 561. * * *"

We do not find such an abuse of discretion in the instant case. In addition to the above testimony of Jack Brown that he had worked with asphalt, filling holes and that he had done concrete foundation work, he also testified that he had experience in observing asphalt and its characteristics as to spreading, holes, and age. While this witness did not have the best possible qualifications nor the highest degree of skill or knowledge, he did possess skill and knowledge superior to that of men in general. Thus, as pointed out by the trial court at the time this testimony was admitted, the lack of the highest degree of skill or qualification of an expert witness goes to the weight of his testimony rather than to its admissibility. Wray v. Fairfield Amusement Co., 126 Conn. 221, 10 A.2d 600; Cincinnati St. Ry. Co. v. Hickey, 29 Ohio App. 399, 163 N.E. 310.

 But a more patent defect is present in the city's first assignment of error. The admission of this witness' opinion testimony was not itself assigned as error, but it is cited as a reason why the trial court erred in denying the city's motion for a directed verdict. In Salt River Valley Water Users' Ass'n v. Berry, 31 Ariz. 39, 51, 250 P. 356, 360, this Court held:

"The competency of evidence is not properly triable upon a motion for an instructed verdict. Such motion challenges the sufficiency of the evidence to sustain the verdict and presupposes that all the evidence admitted by the court *over or without* objection is competent, relevant, and material." (Emphasis added.)

In Durham v. Firestone Tire Etc. Co., 47 Ariz. 280, 55 P.2d 648, this Court announced the rule that the trial judge is authorized to direct a verdict in favor of one party *only* where no evidence has been introduced which would justify a reasonable man in returning a verdict in favor of the other party. And not only is the evidence viewed in a light most favorable to the party's case against whom the motion is made, but the truth of whatever evidence he has introduced, together with all reasonable inferences to be drawn therefrom, are taken as admitted. Barker v. General Petroleum Corp., 72 Ariz. 187, 232 P.2d 390, modified on other grounds in 72 Ariz. 238, 233 P.2d 449; Bassett v. Ryan, 72 Ariz. 383, 236 P.2d 458; City of Bisbee v. Cochise County, 50 Ariz. 360, 72 P.2d 439; Cope v. Southern Pac. Co., 66 Ariz. 197, 185 P.2d 772; Arizona Binghampton C. Co. v. Dickson, 22 Ariz. 163, 195 P. 538, 44 A.L.R. 881; Dieterle v. Yellow Cab Co., 34 Cal.App.2d 97, 93 P.2d 171. Hence, not only is the city's charge that the court erred in refusing to direct a verdict for the reason that it had admitted incompetent evidence manifestly an improper assignment of error, but viewing the evidence in a light most favorable to the plaintiff and

taking the evidence she had introduced as true, impels the conclusion that a reasonable man *would* be justified in returning a verdict in her favor.

█ Under its first assignment of error that the trial court erred in refusing to direct a verdict in its favor, the city also gives as a second reason "that the hypothetical question propounded by plaintiff's expert witness was inadequate and was not a true statement of the facts and the law." Again, this concerns the competency of the evidence and is not properly before this Court, for the reason as heretofore discussed, that the competency of evidence is not properly triable upon a motion for an instructed verdict. We shall not, therefore, discuss it further.

█ The city's second assignment of error is that the court refused to give its requested instructions numbers 5 through 10, inclusive. It is the city's position that these instructions, correctly embodying the meaning of constructive notice and an instruction that the city should have a reasonable time to repair the defect, were not given.

The transcript, however, shows the jury was instructed that:

"* * * to constitute the negligence on the part of the City of Phoenix, Plaintiff must prove to you by a preponderance of the evidence that, first, the walk or street in question contained a substantial and dangerous defect; and, second, that the defendant, City of Phoenix, had knowledge of such substantial and dangerous condition, or that such condition existed for a sufficient length of time from which you may infer that by the exercise of reasonable diligence the defendant should have known that the said defect existed. * * *"

"There is no proof of actual notice to the City; however, notice may be implied; that is to say, if you find from the evidence that said walk was in a dangerous and unsafe condition at the time of and previous to the injuries complained of for such a length of time that the City or its officers or agents in the exercise of ordinary care and diligence should have discovered a dangerous and unsafe condition therein and remedied it, then notice to the City is implied and the defense of lack of notice has not been sustained by the City."

Both of these instructions are substantially the same as those given in City of Phoenix v. Weedon, 71 Ariz. 259, 226 P.2d 157, and therein approved by this Court. Therefore, in accordance with our ruling in Keen v. Clarkson, 56 Ariz. 437, 108 P.2d 573, we

hold that it is not error for the court to refuse to give requested instructions adequately covered elsewhere by instructions which *are* given.

In connection with the third assignment is is argued that the court erred in refusing to give the city's requested instruction concerning contributory negligence. The city's whole position in this regard is based upon the plaintiff's testimony on cross-examination where she stated that in waiting before entering the crosswalk she was visiting with her in-laws; that she had her mind on getting to work and on the traffic light.

This Court by a long line of cases is committed to the rule that the issue of contributory negligence should not be submitted to the jury unless there is substantial evidence from which a reasonable man might infer that it exists. Humphrey v. Atchison, T. & S. F. Ry. Co., 50 Ariz. 167, 70 P.2d 319; Citizens Utilities Co. v. Firemen's Ins. Co., 73 Ariz. 299, 240 P.2d 869; Morris v. Aero Mayflower Transit Co., 73 Ariz. 390, 242 P.2d 279. In the instant case the trial court could not have properly submitted the issue of contributory negligence, since there was no evidence that the plaintiff in approaching and entering the crosswalk conducted herself in any manner different from that of the ordinary prudent person under the circumstances.

To hold otherwise would cast an extraordinary and unnatural burden upon pedestrian traffic in our metropolitan areas.

The city's fourth assignment of error charges that the court should have instructed a verdict in its favor after the presentation of all the evidence for the reason that the evidence failed to show the city had actual or constructive notice of any defect in the walk in question.

Since there was no evidence of actual notice the court instructed the jury that they must find constructive notice in order to render a verdict for the plaintiff. In accordance with the law of instructed verdicts, adequately dealt with, supra, the question presented the trial court was whether there was sufficient evidence from which the jury as reasonable men might find that constructive notice existed. The testimony of plaintiff's witnesses Jack Brown and W. T. Keplinger indicated that the hole had existed from in excess of six months to more than a year at the time of the accident. This was clearly evidence from which a reasonable man might infer that the defect had existed for a sufficient length of time that the city should have discovered and corrected it. Hence, in denying the motion for a directed verdict and instructing the jury on constructive notice, the trial court acted with propriety in the matter.

The city's fifth and final assignment of error is the court's refusal to grant a new trial on the ground that the verdict awarding excessive damages was the result of passion and prejudice on the part of the jury. This Court in reviewing jury awards for pain and suffering has been careful to preserve the discretion of the jury in making its calculations and will set aside such an award only where it shocks the Court's conscience. Standard Oil Co. of California v. Shields, 58 Ariz. 239, 119 P.2d 116; Town & Country Securities Co. v. Place, 79 Ariz. 122, 285 P.2d 165.

The evidence showed that plaintiff's special damages were comprised of $2,530 for lost wages and income, plus $345.99 for medical expenses, making a total of $2,875.99. Thus, deducting the $2,875.99 item of special damages from $7,500, the total amount of the verdict, a $4,624.01 figure may be assigned as the amount the jury awarded for pain and suffering. In view of the nature and extent of plaintiff's injuries, the damages awarded by the jury for pain and suffering do not show such passion and prejudice as to shock the conscience of this Court.

Judgment affirmed.

STRUCKMEYER, C. J., and UDALL, JOHNSON, and BERNSTEIN, JJ., concur.