STATE of Maine

v.

Kenneth TIBBETTS.

Supreme Judicial Court of Maine.

Submitted on Briefs March 8, 1990.
Decided March 29, 1990.

R. Christopher Almy, Dist. Atty., Dover–Foxcroft, for plaintiff.

Marvin H. Glazier, Vafiades, Brountas & Kominsky, Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Defendant Kenneth Tibbetts appeals his jury conviction in Superior Court (Piscataquis County, *Browne, J.*) for gross sexual misconduct (17–A M.R.S.A. § 253(2)(D) (Supp.1989)). Defendant contends that the opinion testimony of a physician's assistant was improperly admitted and deprived him of a fair trial. He also argues that there was insufficient evidence for the jury to convict him. We affirm the conviction.

A physician's assistant examined the victim after the incident and testified at trial that semen found in the victim's vagina was less than 24 hours old. The witness based his opinion on the amount of semen found on examination and the fact that it was viscous rather than dry. Defendant moved to strike the evidence after it had been received but did not object at the time the evidence was offered. Defendant contends that the witness was unqualified to offer an opinion and that his testimony improperly corroborated the victim's testimony that she had not had consensual intercourse for 3 to 4 days prior to the incident. Defendant's contention lacks merit.

■ "[T]he qualification of an expert witness and the scope of his opinion testimony are matters within the discretion of the trial court." *In re Erika R.*, 563 A.2d 369, 373 (Me.1989).

The extent of the expert's knowledge of the subject matter and of the material data used in formulating his opinion ... provided such facts are not based on mere speculation, goes to the weight rather than to the admissibility of his testimony.

*Warren v. Waterville Urban Renewal Authority*, 235 A.2d 295, 300–01 (Me.1967). The witness testified that he had completed the schooling and passed the board examinations required to become a physician's assistant. He also testified that pelvic examinations are very routine procedures that are included in the training of a physician's assistant and such procedures frequently result in the identification of semen in the vagina. He stated that he had performed approximately 10 rape examinations in the past. Accordingly, the presiding justice committed no abuse of discretion in admitting the evidence.

■ Defendant next contends that there was insufficient evidence to convict him of being the victim's assailant. The victim testified that she had seen defendant shortly before the assault and that at the time of the incident she had recognized him. "The uncorroborated testimony of a victim, if not inherently improbable or incredible or failing the test of common sense, is sufficient to sustain a verdict of guilty of a sexual crime." *State v. Pelletier*, 534 A.2d 970, 972 (Me.1987). As there was nothing inherently incredible about the victim's testimony, we find the evidence sufficient to support the conviction.

The entry is:

Judgment affirmed.

All concurring.