901 P.2d 1175

**WAL–MART, Petitioner Employer,**

**National Union Fire Ins. Co., Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

and

**Patrick M. Power, Respondent Employee.**

**No. 2 CA–IC 94–0032.**

Court of Appeals of Arizona, Division 2, Department A.

Jan. 31, 1995.

Review Denied Sept. 12, 1995.

Bury, Moeller, Humphrey & O'Meara by J. Michael Moeller, Tucson, for petitioners employer and carrier.

Anita R. Valainis, Chief Counsel, Indust. Comm'n of Arizona, Phoenix, for respondent.

Rabinovitz & Associates by Bernard I. Rabinovitz, Tucson, for respondent employee.

## OPINION

LIVERMORE, Presiding Judge.

In this workers' compensation case the respondent insurance carrier takes issue with the Administrative Law Judge's (ALJ's) resolution of conflicting testimony and questions whether a physician's assistant is qualified to testify as an expert.

The facts, taken in the light most favorable to affirming the award, are as follows. On February 17, 1993, Patrick Power was injured during the course of his employment with Wal–Mart when a Coke machine he was helping to move upstairs slipped, pinning him beneath it. He filed a claim for workers' compensation and the carrier, National Union Fire Insurance, denied it. Hearings were held at Power's request and Power, two of his colleagues, a physician's assistant who examined him after the accident, and a physician who examined Power at the request of the carrier all testified. The ALJ resolved any conflict in medical testimony by accepting that of the physician's assistant and issued an award for a compensable claim. After the award was affirmed upon administrative review, Wal–Mart and its carrier requested special action review by this court. For the reasons set forth below, we affirm.

Respondents raise several issues on appeal. All except one question the ALJ's

resolution of conflicting testimony and ask that we re-weigh the evidence in the light most favorable to reversal. This we cannot do. We view the facts in the light most favorable to affirming and leave the resolution of conflicting testimony to the discretion of the trier of fact who is in the best position to determine such matters. Only if the award is unsupportable by any reasonable theory of the evidence will we reverse. *Perry v. Industrial Commission*, 112 Ariz. 397, 542 P.2d 1096 (1975). Here the award is fully supported by Power's testimony regarding how the accident occurred and the physician's assistant's testimony that the accident, as described by Powers, caused the injuries. There is no error.

 Respondents also argue that the ALJ erred in adopting the testimony of the physician's assistant, "a glorified lay witness," over that of their expert, a board certified occupational medicine specialist. Rule 702, Ariz. R.Evid., 17A A.R.S., provides that where specialized knowledge will assist the trier of fact, a witness "qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." We disagree with respondents' contention that only board certified physicians meet these qualifications.

> All that is necessary is that the potential witness have information from experience, training, or education that would be helpful to the present trier. Furthermore, it is not required that the witness "have the best possible qualifications, nor the highest degree of skill or knowledge," so long as he does have "skill and knowledge superior to that of men in general."

M. Udall, et al., *Arizona Practice: Law of Evidence* § 22, at 31–32 (3d ed. 1991), quoting *City of Phoenix v. Brown*, 88 Ariz. 60, 64, 352 P.2d 754, 756 (1960). Expert testimony is not "a mechanism for having someone of elevated education or station engage in a laying on of the hands, placing an imprimatur upon the justice of one's cause," but rather "is a device allowing the trier to receive information, beyond its competence, useful to a resolution of the dispute before it." *Id.* at 28.

 As Power's condition and its relationship to the industrial accident was not clearly apparent to a lay person, it was properly the subject of expert testimony. *McNeely v. Industrial Commission*, 108 Ariz. 453, 501 P.2d 555 (1972). Our inquiry, then, turns to whether the physician's assistant was qualified to provide that information. The physician's assistant in question underwent five years of medical education and is certified by the Arizona Board of Medical Examiners. He has seen Powers on a professional basis since 1990 and saw him less than one month before the industrial injury, at which time Powers had no complaints of back pain. When he next saw Powers on April 12, 1993, Powers gave a history of back pain after being pinned beneath a Coke machine he was helping to move upstairs. His examination at that time led to a diagnosis of soft tissue injury caused by the industrial incident. The respondents' expert, by contrast, saw Powers on only one occasion, that being some 6 months after the incident with the Coke machine. Under these circumstances, we have no difficulty in concluding that the ALJ did not err in adopting the opinion of the physician's assistant over that of the physician. While there is no case law in Arizona directly on point, our holding is not inconsistent with the long practice in workers' compensation cases of allowing chiropractors to testify as medical witnesses, or with other courts which have held that a microbiologist was qualified to testify as to diagnosis and causation. *Baroldy v. Ortho Pharmaceutical Corp.*, 157 Ariz. 574, 760 P.2d 574 (App.1988); *Madison Granite Co. v. Industrial Commission*, 138 Ariz. 573, 676 P.2d 1 (App.1983). Our holding is consistent with decisions from other states which have accorded expert status to physician's assistants. *See Jackson v. State*, 516 So.2d 726 (Ala.App.1985); *State v. Tibbetts*, 572 A.2d 142 (Me.1990); and *State v. Jones*, 89 N.C.App. 584, 367 S.E.2d 139 (1988).

The award of July 28, 1994, is affirmed.

LACAGNINA and FERNANDEZ, JJ., concur.