NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

DEAN L. MAESTAS, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent.*

NACKARD BOTTLING CO., *Respondent Employer*

SCF WESTERN INSURANCE COMPANY, *Respondent Carrier.*

No. 1 CA-IC 13-0056
FILED 5-15-2014

---

Special Action – Industrial Commission
ICA Claim No. 20120-820377
Carrier Claim No. 12W00494
The Honorable Layna Taylor, Administrative Law Judge

**AWARD AFFIRMED**

---

COUNSEL

Dean L. Maestas, Holbrook
*Petitioner*

Industrial Commission of Arizona, Phoenix
*Counsel for Respondent ICA*

State Compensation Fund, Phoenix
By Deborah E. Mittelman
*Counsel for Respondent Employer/Carrier*

---

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Lawrence F. Winthrop joined.

---

**J O N E S**, Judge:

**¶1**        Dean Maestas (Maestas) petitions this Court for special action review of his Industrial Commission award finding him entitled to two months compensation for a hernia injury pursuant to Arizona Revised Statutes (A.R.S.) section 23-1043 (2014).[1]   For the following reasons, we affirm the award.

### FACTS[2] AND PROCEDURAL HISTORY

**¶2**        On January 14, 2012, while employed by Nackard Bottling, Maestas sustained an industrial injury causing a hernia. Although Maestas reported the injury to the store manager that same day, he did not file a workers' compensation claim at that time, seeking instead to have his private insurance carrier cover the surgery.   In July 2012, Maestas underwent surgery to correct the hernia.

**¶3**        On March 19, 2012, Maestas completed an ICA worker's report of injury form. The Respondent insurance carrier, SCF Western Insurance Company (SCF), ultimately accepted the claim by a Notice of Claim Status issued June 29, 2012, which also informed Maestas that compensation benefits for his claim were limited to two months as provided by A.R.S. § 23-1043(2). The Notice of Claim further indicated Maestas had received benefits for the two month period as SCF issued the second month payment on April 18, 2012. Although Maestas did not initially protest the Notice of Claim Status, he later filed a request for

---

[1] Absent material revisions after the relevant dates, we cite the current version of the statutes and rules unless otherwise indicated.

[2] We examine the evidence in a light most favorable to upholding the administrative law judge's (ALJ) award. *Lovitch v. Indus. Comm'n of Ariz.*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002).

additional disability compensation pursuant to A.R.S. § 23-1061(J), and a formal hearing was held on May 14, 2013.

**¶4**　　　　At that hearing, Maestas argued he was entitled to more than two months of benefits as he did not work for approximately six months before his private insurance carrier "even decided to take care of the surgery." The ALJ found Maestas was not entitled to additional temporary disability benefits as A.R.S. § 23-1043(2) limited the amount of benefit compensation for non-traumatic hernia to two months regardless of when injury related surgery was performed or issues related to claim administration occurred. Maestas then filed a Request for Review.

**¶5**　　　　The Decision Upon Review affirmed the earlier ruling, finding A.R.S. § 23-1043 did not provide an exception permitting additional payments of compensation benefits in cases where the applicant encounters financial difficulties due to delay in private insurance carrier approval of surgery. Maestas timely appealed to this Court. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(2) (2014), 23-951(A) (2014), and Arizona Rule of Procedure for Special Actions 10.

## STANDARD OF REVIEW

**¶6**　　　　In reviewing findings and awards of the ICA, we defer to the factual findings made by the ALJ, but review legal conclusions independently. *Young v. Indus. Comm'n of Ariz.*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003). We will not reverse the award unless it is "unsupportable by any reasonable theory of the evidence." *Wal-Mart v. Indus. Comm'n of Ariz.*, 183 Ariz. 145, 147, 901 P.2d 1175, 1177 (App. 1995).

## DISCUSSION

**¶7**　　　　As an initial matter, Maestas' opening brief fails to comply with Arizona Rule of Civil Appellate Procedure 13(a) as it does not contain a table of contents, table of citations, statement of the case, statement of issues, argument including citations to relevant authority, or conclusion stating the precise relief sought.  As a self-represented litigant, Maestas is held to the same standard of familiarity with required procedures and the same notice of statutes and rules attributed to qualified attorneys.  *Smith v. Rabb*, 95 Ariz. 49, 53, 386 P.2d 649, 652 (1963). Although we may consider Maestas' failure to develop his argument according to procedural rules as a waiver of those issues, we exercise our discretion and address the issue raised within Maestas' opening brief upon its merits. *Polanco v. Indus. Comm'n of Ariz.*, 214 Ariz. 489, 491 n.2, ¶ 6, 154 P.3d 391, 393 n.2 (App. 2007); *Adams v. Valley Nat'l Bank of Ariz.*, 139

Ariz. 340, 342, 678 P.2d 525, 527 (App. 1984) ("[C]ourts prefer to decide each case upon its merits rather than to dismiss summarily on procedural grounds.").

**¶8**        As Maestas' opening brief does not contain a prayer for relief, we construe his argument to assert he was due additional compensation benefits for the six month period Maestas awaited his private insurance carrier's approval of the surgery. We disagree with that assertion.  A.R.S. § 23-1043(2)[3] provides compensation "not to exceed two months" to claimants who have suffered a non-traumatic hernia.  As such, the Respondent carrier awarded Maestas the maximum compensation benefits allowed by statute.  Furthermore, as the language of the statute indicates, claimants are compensated for "time lost," presumably due to the work-related injury, and not for time away from work caused by the claimant's delay in filing his worker's report of injury or by any pre-claim delay by a private insurance carrier in approving corrective surgery. *See Raban v. Indus. Comm'n of Ariz.*, 25 Ariz.App. 159, 161, 541 P.2d 950, 952 (1975) ("The purpose of Workmen's [sic] Compensation legislation is not to compensate for difficulty and pain, but for lost earning capacity.").

## CONCLUSION

**¶9**        As A.R.S. § 23-1043(2) limits the award for a non-traumatic hernia to two months' compensation, we affirm the ALJ's application of that statute in this case, and also affirm the ALJ's denial of Maestas' § 23-1061(J) claim.



Ruth A. Willingham · Clerk of the Court
F I L E D : MJT

---

[3] A.R.S. § 23-1043(2) specifically provides in relevant part: "[Non-traumatic] hernias are considered to be aggravations of previous ailments or diseases, and will be compensated as such for time lost only to a limited extent . . . but for [sic] not to exceed two months."