NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

THEOPHILE TENUDA, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

ARIZONA LABOR FORCE INC DBA
ARIZONA LABOR FORCE INC, *Respondent Employer*,

ACE AMERICAN INSURANCE CO, *Respondent Carrier*.

No. 1 CA-IC 25-0005

FILED 01-02-2026

---

Special Action - Industrial Commission
ICA Claim No. 20220820112
Carrier Claim No. 1E01E01267035X
The Honorable Jeanne Steiner, Administrative Law Judge

**AFFIRMED**

---

COUNSEL

Theophile Tenuda, Phoenix
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Ritsema Law, Phoenix
By Deborah P. Hansen
*Counsel for Respondent Employer and Carrier*

------

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Andrew J. Becke joined.

------

**B R O W N**, Judge:

¶1        Theophile Tenuda challenges a workers' compensation award closing his claim with no permanent impairment. For the reasons below, we affirm.

## BACKGROUND

¶2        We view the evidence in the light most favorable to upholding the award. *Avila v. Indus. Comm'n*, 219 Ariz. 56, 57, ¶ 2 (App. 2008). In March 2022, Tenuda worked for Arizona Labor Force when he was injured while carrying a heavy cabinet. He fell on his left hip, felt pain, and was helped to a nearby office. He refused formal medical assistance but left work and took pain medication at home. He returned to work the next day and continued to work after this event, working throughout the relevant period.

¶3        A week after the fall, Tenuda went to an emergency room ("ER") complaining of right hip pain. An X-ray showed mild degenerative changes in the right hip and nothing else remarkable. He was diagnosed with hip pain and given pain medication. Two months later, he returned to the ER, this time complaining of back pain. He was given pain medication and diagnosed with a back strain. Arizona Labor Force and its carrier, Ace American Insurance, accepted his workers' compensation claim.

¶4        Eight months after the fall, Tenuda returned to the ER for chronic pain in his shoulder and neck, as well as pain in his right hip. He was again given pain medication and discharged. A month later, he returned to the ER with back pain. Once again, he was given pain medication and discharged.

**¶5**        That same month, Tenuda was medically examined at the request of Arizona Labor Force and Ace American.  Jon Zoltan, M.D., an orthopedic surgeon, performed an independent medical examination ("IME") of Tenuda that included records review and a physical examination.  Dr. Zoltan concluded that  (1) Tenuda had suffered a lumbosacral strain that had resolved; (2) the work injury did not aggravate the pre-existing osteoarthritis in Tenuda's right hip; (3) Tenuda was medically stationary and did not require supportive care; and (4) as of December 2022, the work injury did not result in a permanent impairment or need for work restrictions.

**¶6**        Based on Dr. Zoltan's conclusions, Arizona Labor Force and Ace American issued a notice closing the claim with no permanent impairment on January 17, 2023.  Tenuda requested a hearing to show that he needed further active care.  He also asked for temporary disability benefits.

**¶7**        An administrative law judge ("ALJ") for the Industrial Commission of Arizona ("ICA") heard testimony from Tenuda and Dr. Zoltan.  Tenuda explained how he was injured and summarized his visits to the ER.  He also testified about and submitted documentation showing his treating physician, a pain management specialist, recommended further active care in January 2023.  Consistent with his earlier opinion, Dr. Zoltan testified that Tenuda's work injury had resolved to maximum medical improvement, with no permanent impairment.

**¶8**        Tenuda requested that Dr. Maty Yakoby, M.D., be called testify.  The ICA contacted Dr. Yakoby's office to schedule the testimony, but Dr. Yakoby declined.  The ICA then informed Tenuda it was his obligation to secure Dr. Yakoby's testimony.  Tenuda did not request a subpoena.  A month later, Tenuda contacted the ICA by telephone and said he was leaving the country for three months to manage funeral arrangements for his brother.  Tenuda "asked that the matter be decided based on the evidence presented."  The ALJ then closed the record and took the matter under advisement.

**¶9**        The ALJ considered the evidence and, relying on Dr. Zoltan's testimony, concluded that Tenuda's work injury was medically stationary and he no longer required active care.  The ALJ also denied Tenuda's request for temporary disability benefits.

**¶10**        Tenuda then submitted a letter stating that Dr. Zoltan had "lied" and that the ALJ's decision was wrong.  That letter was treated as a

3

request for review. The ALJ reconsidered the evidence and affirmed the award closing the claim and denying temporary benefits. Tenuda filed this statutory special action, and we have jurisdiction under A.R.S. §§ 12-120.21(B) and 23-951(A).

## DISCUSSION

**¶11** "An individual who files a claim for workers' compensation benefits has the burden to show affirmatively all of the material elements necessary to sustain an award." *Krol v. Indus. Comm'n*, 259 Ariz. 261, 264, ¶ 1 (2025) (citation modified). "[W]e defer to the ALJ's factual findings but review questions of law de novo." *Avila*, 219 Ariz. at 57, ¶ 2. The ALJ must resolve conflicts in medical evidence. *Carousel Snack Bar v. Indus. Comm'n*, 156 Ariz. 43, 46 (1988). When reasonable evidence supports the ALJ's conclusion, we are bound by the ALJ's "resolution of conflicting testimony." *Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 609, ¶ 25 (App. 2000).

**¶12** Tenuda does not ask us to review any questions of law. Instead, he points to the facts of his case, contending his work injury caused his current neck, hip, shoulder, and back problems. But we do not re-weigh the evidence on appeal. *Wal-Mart v. Indus. Comm'n*, 183 Ariz. 145, 147 (App. 1995). Because the ALJ's award is supported by reasonable evidence, we must affirm the award. *See Gamez v. Indus. Comm'n*, 213 Ariz. 314, 315, ¶ 9 (App. 2006) ("We will not set aside an award unless it cannot be supported by any reasonable theory of the evidence.").

## CONCLUSION

**¶13** We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR