Richard S. Heller, J.
On March 6,1953, the claimant, Doris M. Edwards, was driving her husband’s car southerly on State Highway Route No. 11. Claimant Frederick J. Edwards, the husband of Doris, was seated in the front seat with his wife.
At approximately 7:15 p.m. of that day and at a point in Route No. 11 about three miles north of Whitney Point, Broome County, New York, the car driven by claimant Doris M. Edwards went from the southbound lane across the highway into the northbound lane and collided with a car driven by claimant Warren Leventhal and in which claimant Arthur Lewin was a passenger.
The impact was violent and caused serious injuries to all the claimants, some of which are permanent and none of which are minor.
There seems to be little dispute on the following facts: (1) It was snowing at the time of the accident and had been snowing for some hours before the accident; (2) the entire pavement was covered with snow and ice and was very slippery; (3) visibility was limited; (4) the right front of the Edwards’ car came in contact with the front of the car driven by Leventhal; (5) the accident happened on the east side of the highway in the northbound lane; (6) the Edwards’ car skidded from the southbound lane to the northbound lane; (7) at the place of the accident, Route No. 11 was a two-lane highway and the road was level.
Claimant Doris Edwards states that she pulled her car to the right as the Leventhal car approached because she felt they were coming over on her side of the road, that thereafter she knew she was off the road, felt a jerk and remembers nothing more. Her husband also testified that he felt a bump and knew she was off the road.
Claimants Lewin and Leventhal both testified they were on their own side of the road and were proceeding 25 miles per hour at the time of the crash.
In order that any of the claimants may recover they must show that the State was negligent and that such negligence was a proximate cause of the accident.
Claimants attempt to establish negligence on the part of the State by two different approaches. First, on the theory that the shoulder was substantially lower than the highway of the west side thereby creating a hazardous condition of which the State had or should have had knowledge.
The only accurate measurement as to the difference between the highway and the shoulder was furnished by a witness for the State who took such measurements one week after the accident. These showed a drop at the most of 1% to 2 inches *286 between the west edge of the highway and the east edge of the shoulder. There was no evidence of holes, ragged edges or that the shoulder was unsafe.
It is the opinion of the court that this condition in good weather would not constitute negligence on the part of the State. The only dangerous or hazardous conditions existing here would be the result of the snow and ice and the lack of caution on the part of a driver. These put together did cause the accident but the State of New York was not negligent. (Shaft v. State of New York 239 App. Div. 144.) To hold otherwise would impose upon the State an obligation that goes far beyond any rule of reasonableness or ordinary care.
The second theory upon which the claimants feel they may recover is based upon the alleged negligent construction of the road at or near the place of the accident. This claim can be divided into two parts: (a) that the State was negligent because inadequate drainage allowed the water to flow across the highway in winter causing an icy road and (b) that the State was negligent in not warning travelers of a certain possible rock slide.
Both alleged hazardous conditions were some distance southerly from the point where claimant Doris Edwards skidded across the highway.
As to (a): the entire highway for miles was icy and slippery on the night of the accident and any additional ice, even if proved, could not be considered a proximate cause of this accident.
As to (b): there is no evidence that there was any rock on the highway at the time of the accident nor does the proof establish that Leventhal pulled to the left to avoid any obstacle. The contrary is indicated.
Claimant Doris Edwards was familar with the road; she was traveling 25 to 30 miles per hour on a highway icy and slippery and which had become even more dangerous minutes before the accident. Her testimony reveals she did not know what happened to cause the accident.
Under all the circumstances, the burden of proving negligence against the State has not been sustained by any claimant.
The motions made by the State at the close of the case are granted and the claims are dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)