—Appeals from judgments of the Court of Claims which dismissed claims against the State. All four claimants were injured in a collision between two automobiles which happened on March 6, 1953 on a State Highway known as Route 11, at a place about three miles north of Whitney Point, Broome County, New York. The highway has two lanes at the place in question, runs generally in a northerly and southerly direction, and is 24 feet wide. The claimants Edwards were proceeding in a southerly direction prior to the accident, and Mrs. Edwards was driving the ear which they occupied. The claimants Lewin and Leventhal were proceeding northerly in a ear driven by Leventhal. The Edwards’ ear skidded across from the southbound lane to the northbound lane and crashed into the front of the ear driven by Leventhal. It was snowing at the time of the accident and had been for some hours prior thereto, and it is undisputed that the highway was icy and slippery at the scene of the accident and for some distance on each side thereof. Claimants contend that the State was negligent in constructing the highway by failing to provide adequate drainage on the east side where there was a rock cut extending nearly 50 feet in a vertical direction above the edge of the highway. This rock surface however was cut back from 7 to 10 feet from the edge of the metal part of the highway. Claimants also contend that whatever drainage system had been established there was not properly maintained, and as a result of both factors water collected and froze upon the highway. Another ground of negligence asserted is that the shoulder on the west side of the highway was substantially lower than the edge of the macadam. It was dark at the time the accident happened and visibility was somewhat limited. Mrs. Edwards testified that when she reached the point near the scene of the accident she observed the other ear coming toward her 'from the south, and it appeared to be pulling over to her side of the road. She pulled her car to the right so that it went partially off the road, felt a jerk and remembered nothing more until after the accident. Aside from her statement that the other ear appeared to be pulling over to her side of the road there is no proof whatever that the other car involved deviated in any way from its lane on the east side of the highway, in fact Leventhal testified to the contrary. In other words there is no proof whatever that ice, if there was any, on the east side of the highway caused the Leventhal ear to change its course. In view of this fact it is difficult to see how proof with relation to drainage conditions on the east side of the highway was a.t all relevant to the happening of the accident as a matter of proximate cause. In an abstract sense it might be said to be relevant on the duty of the State to use considerable care in maintaining the shoulder of the opposite side but even so this would not suffice to prove proximate cause. The case of claimants therefore must depend entirely upon the drop between the shoulder and macadam part of the highway on the west side thereof. The court below found that the only accurate and relevant proof as to the extent of such drop showed it to be at the most from 1¾ to 2 inehes. There was no evidence of holes along the west edge of the highway or that the shoulder thereof was otherwise unsafe. It was further the opinion of the court below that such a slight drop was not sufficient to charge the State with the negligent *1034 responsibility of the happening of the accident. We think this reasoning was sound and any dangerous or hazardous condition which existed at and near the place of the accident was the result of natural causes, and not something for which the State can be held liable under the rule of reasonable care. Judgments unanimously affirmed, without costs.
[5 Misc 2d 284.]
Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.