Charles T. Major, J.
The above claims arose out of an automobile accident on Sunday, September 19, 1954, on State Highway Route No. 5.
Claimant Jesse Cook was driving his wife’s 1952 Hudson Hornet automobile westerly, and at about 4:00 p.m., he reached a point approximately three miles east of Fayetteville at about the intersection of said highway on its south side by Thompson Road, when the back end of his car skidded to the right or northerly. Claimant turned the front wheels into the skid in an attempt to correct its course, but was unable to do so. The car slid along the highway, down a short embankment and came to rest with the side thereof crushed against a tree, with the front end facing easterly or in the opposite direction to which it was traveling.
Ethel Kenny,' a passenger and only other occupant in the ear, was killed, and the automobile was badly damaged. Claim *584 ant Jesse Cook was injured. Leona Cook, wife of Jesse Cook and claimant herein, was the owner of the automobile, but was not in the car at the time of the accident.
Jesse Cook left his home in Buffalo on this trip the previous Friday, with his passenger, Ethel Kenny. They went over this same highway and arrived in Danbury, Connecticut, on Saturday morning. They stayed overnight and left on the return trip to Buffalo about 8 o ’clock Sunday morning.
Claimant Jesse Cook was 70 years of age. He did all the driving on this trip, and he testified that he did not know what caused his car to skid. He further stated that he was driving 35 to 40 miles per hour, although the physical facts indicate a greater speed. He also testified that he did not apply his brakes, accelerate nor decelerate the car immediately prior to the accident. He had never examined the road or the culvert, did not know the location of the culvert, had no knowledge of the condition of the road where the accident occurred, except that it was wet. He was not looking at his speedometer, had just come out of a small open curve for which he did not reduce his speed; had his car under control after leaving the curve, and was proceeding on the straight-of-way when the car started to skid. He recalled no bump and could give no reason for the skid, or specifically where it started. Claimants’ theory on the cause of the accident, upon which the trial was conducted, was that the highway had a culvert which created a depression or rise from repairs to the macadam surface, and that the road had a “ bleeding ” area wherein the oil came to the surface and was particularly dangerous when wet, and this caused claimants’ car to skid.
It had been raining and the road was wet, but at the time of the accident, the rain had stopped. There was no eyewitness to the accident. A farmer neighbor heard the crash and was first to arrive at the accident scene. He stated that he had been over the road many, many times walking and with vehicles; that there were some spots on the highway which were soft and slippery when wet, and that there was a bump at the culvert crossing. This is very definitely disputed by Deputy Sheriffs who arrived after the accident, and by employees and engineers of the State who were connected with this highway.
There were no “ Slippery when wet” warning signs. The fact that hundreds of motorists, including the Deputy Sheriffs who testified on the trial, have passed the same location at various speeds and conditions, without incident, indicates the highway was reasonably safe for travel and substantiates the State’s contention that no such notices were necessary.
*585 It is the duty of the State to exercise reasonable care in the construction and maintenance of its highways. However, the fact that an accident happens is not in itself sufficient to make the State liable. It is necessary to show that the State has been negligent in some manner which was the proximate cause of the accident. The burden of proof is upon the claimant. In this case, the claimants attempt to prove their claims by adduction from implication. They have, failed to convince the court that the proximate cause of the accident was due to the negligence of the State. The evidence produced permits the adduction of more reasonable inferences with respect to the happening thereof than the theory advanced by claimants. They have, therefore, failed in their proof and cannot recover. (Ruback v. McCleary, Wallin & Grouse, 220 N. Y. 188; Francey v. Rutland R. R. Co., 222 N. Y. 482; Ford v. McAdoo, 231 N. Y. 155; Digelormo v. Weil, 260 N. Y. 192.)
While circumstantial evidence may support a recovery, to do so the inference of negligence or proximate cause must be the only ones that can fairly and reasonably be deducted from the facts. (Boyce Motor Lines v. State of New York, 280 App. Div. 693, affd. 306 N. Y. 801.)
This court, therefore, finds that the State is not chargeable with negligence which was the proximate cause of this accident, or in any way contributed thereto.
The State’s motion to dismiss both claims herein is granted, and the claims are dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgments may be entered. (Civ. Prac. Act, § 440.)
Separate judgments are directed accordingly.