Charles T. Major, J.
The above-entitled claims were duly filed to recover damages by reason of the alleged negligence of the State of New York. These claims have not been assigned or submitted to any other court or tribunal for audit or determination.
Shortly before noon on November 23, 1956, Edward S. Dodd, Sr., 29 years of age, was driving his 1950 Studebaker Champion automobile home with his family after shopping in Syracuse. Nancy M. Dodd, his wife, sat in the front seat to his right with Anita Denise Dodd, 19 months old, on her lap and Thomas A. Dodd, 1 month old, held in her right arm. Robert Elmo Dodd, 2 years, 8 months old, sat in the rear seat behind his father, Edward S. Dodd, Sr. Edward S. Dodd, Jr., about 6 years, 2 months old, sat in the middle and Daniel Allen Dodd, about 5 years old sat on the right side, back of his mother.
At about 10:00 a.m. on that day the Dodd family left their home on the Sand Ridge Road in Pennellville, Oswego County, New York, for Syracuse. At that time, the highways were bare and dry, but shortly thereafter a general storm condition moved *113 into the vicinity covering all of the roads in the area with ice and snow. This was the first snowfall of the year in the area.
After stopping at Northern Lights Shopping Center, north of Syracuse, the Dodd family went to Syracuse on Mrs. Dodd’s business. Shortly before noon the family returned to Northern Lights and all ate lunch and then started back towards home. By this time it was snowing quite heavily and the roads in the general area were extremely icy and slippery. When they arrived at Moyers Corners, which is the intersection of Routes 57 and 31, Edward S. Dodd, Sr., stopped his car, got out, wiped off the windshield and after getting into his automobile started in first gear, made a right-hand turn and from there was traveling in a northerly direction on Route No. 57. As the vehicle with its passengers was proceeding, Edward S. Dodd, Sr., asked for a cloth to wipe off the inside of the windshield. His wife handed him the cloth and he wiped the same. She did likewise on her side. The children in the back seat were singing ‘1 Jingle Bells ” at the top of their voices.
About this time there was a large tractor-trailer owned by Carlson Truck Service, Inc., and driven by Theodore Vorce, traveling southerly on Route No. 57 approaching the Dodd car. Dodd, driving between 20 and 25 miles per hour, in first gear, turned his car to the right in order to give the tractor-trailer more room, and began skidding. He sensed the impending danger and Mrs. Dodd testified that he said, ‘ ‘ This is it, cover the baby”. As the tractor-trailer came closer, the Dodd car skidded to the left, over the center of the road into the path of the trailer, resulting in a collision which caused the deaths of Edward S. Dodd, Sr., father and husband, and Anita Denise Dodd, daughter, and personal injuries to Nancy M. Dodd and her four surviving children.
Mr. Vorce testified that as he was approaching Moyers Corners he started to slow down from 25 miles per hour to 20 miles per hour. He saw Dodd’s automobile skidding towards him, and swung his trailer to the right trying to get off the road. When the Dodd car was practically on his side of the road, the collision took place. At that time the right wheels of the tractor-trailer were off the road.
It is the contention of all the claimants herein that the State of New York was negligent in the construction, maintenance and operation of Route No. 57, particularly the shoulders of the highway near or at the scene of the accident, including the failure to maintain proper signs and warnings and remove or sand the ice on the highway; that by reason thereof Edward S. Dodd, Sr., entered a deep rut caused by the depression of the *114 shoulder from the surface of the highway which thereafter caused him to skid on said depression or rut, causing the automobile to cross the highway and be struck by the tractor-trailer.
At the point where this collision took place, Route No. 57 is a two-lane highway, the pavement of which is 24 feet wide. The road is flat and almost level from Moyers Corners northerly past the place of impact. The shoulders of the road are approximately 10 feet wide and are composed of dirt, sand and gravel with some sod on the outside edge about 1 foot wide. The highway and the shoulder adjoining at the time and in the area of the accident were a solid sheet of ice and snow.
On the day of the accident, William Richardson was the light maintenance foreman in charge of sanding and maintaining highways including the area north of Moyers Corners. He testified that when a storm begins, the highway intersections and hills are sanded first and after that, the level roads are taken care of. He sanded and salted the intersection at Moyers Corners about 11:30 a.m. on November 23, 1956 and thereafter did the entire stretch of Route No. 57 between Moyers Corners and Three Rivers. This accident occurred shortly before the road was sanded. As a matter of fact the vehicles involved were at the accident scene when this operation took place. The evidence presented proves that the State was diligent in its efforts to remedy the slippery condition of this highway.
The claimants contend that there was a difference of approximately 1% inches to 4 inches between the level of the highway and the shoulder adjoining the same, and, as the tractor-trailer approached, Dodd turned his car to the right to give it more room on the road. Mrs. Dodd testified that there were two 11 bumps ’ ’ in sudden succession, as the right wheels left the pavement, the first in the front and then the rear of the car. In trying to get back on the pavement, the right rear tire rubbed the edge of the pavement which was raised above the surface of the shoulder. The car started to skid as it left the road.
Trooper John Rogers, who arrived at the scene shortly after this accident, testified that the difference between the paved portion and the adjacent shoulder varied from 1 inch to 1% inches. In some spots the pavement was flush with the shoulder. Trooper Robert Gr. Karle stated that when he arrived at the scene, the road was in an “ icy, slippery condition ’ ’. He checked the pavement and shoulder for about 150 feet south of where the Dodd ear came to a stop after the collision and found the shoulder was hard and in places 1 inch or less lower than the pavement. In some places it was even. He found no skid or *115 tire marks which he could connect to the vehicles involved; nor did he find any skid or scuff marks along the 1-inch drop-off. Clifford F. Schultze, State senior civil engineer and Frank Bellucci, his assistant resident engineer, with Edgar Forman, general maintenance foreman, all testified that they went to the scene in the afternoon on the day of the accident and observed that the shoulder in the area was flush along the edge of the pavement and from visual observation, it did not vary more than 1 inch.
From the credible evidence presented, the court must find that the highway in the area of this accident was properly maintained. This unfortunate accident happened in broad daylight when merely driving on the road created a hazard of unusual risk.
It is well established that risks in automobile travel are unavoidable and the State is not an insurer of the safety of users of its highways. The duty that is imposed upon the State is to maintain its highways in a reasonably safe condition, so that people who exercise ordinary care can and do travel over them safely. (Bird v. State of New York, 2 Misc 2d 244; Seide v. State of New York, 18 Misc 2d 371.) The mere fact that there was ice on the highway and a vehicle skidded thereon does not constitute negligence on the part of the State. (Quigley v. State of New York, 281 App. Div. 185, affd. 308 N. Y. 846.) Likewise, an automobile accident in itself is not a sufficient basis for the recovery of damages against the State, since a claimant must show that the State has been negligent in some manner, which was the proximate cause of the accident. (Cook v. State of New York, 19 Misc 2d 583.)
The icy condition which existed on Boute No. 57 at the time of the accident was the result of natural causes, and to hold the State negligent would impose upon it an obligation that goes far beyond any rule of reasonable or ordinary care. (Edwards v. State of New York, 5 Misc 2d 284.)
Upon the record, the court is of the opinion that there was no negligence on the part of the State of New York in the maintenance of the highway and its adjacent shoulders at the scene of the accident, which was the proximate cause or contributed as a proximate cause to the accident.
It appears that Nancy M. Dodd, widow of Edward S. Dodd, Sr., and mother of the infants and claimants herein, remarried on or about August 6, 1960 and she and her children are being supported by her new husband. She also made a number of settlements with Theodore Vorce and Carlson Truck Service, *116 Inc., in her own behalf, as guardian ad litem of her four children and as administratrix of the estates of Anita Denise Dodd and Edward S. Dodd, Sr., totaling $4,750.
Additional findings herein are made as marked ‘ ‘ Found ’ ’ on the requests to find presented on behalf of the claimants and the State.
The claimants and each of them have failed to establish any negligence on the part of the State of New York, its officers and employees, which caused or contributed to the accident. In the light of that determination, it is not necessary to discuss the question of damages.
The claims of the claimants and each of them must be and hereby are dismissed on the merits.