ELEANOR MEHLING, as Administratrix of the Estate of REGINALD L. MEHLING, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 33523.)

ELEANOR MEHLING, as Administratrix of the Estate of ROBERT L. MEHLING, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 33524.)

Court of Claims, March 5, 1962.

*David Marcus* for claimant. *Louis J. Lefkowitz, Attorney-General* (*William Larkin* of counsel), for defendant.

PAUL C. REUSS, J. These claims have been consolidated and were brought to recover damages for the deaths of Reginald L. Mehling and Robert L. Mehling by the administratrix of their estates, which deaths arise out of the same accident.

This accident occurred at about 2:30 o'clock on the morning of July 5, 1955 on New York State Route 22. Prior to the happening of this accident and on July 4, 1955 the New York State Police received a report that a stolen Cadillac was left near Pawling, New York. This report was checked out and the troopers ascertained that the Cadillac was stolen from Taunton, Massachusetts. The person making the original report made reference to two young men having come to her home, and the police deducted that these young men were possibly still in the area and concluded that they might have left the stolen Cadillac at the place where it was found.

On the morning of July 5, while two troopers who had this information were patrolling Route 22 in the Town of Southeast just north of the Village of Brewster, an automobile passed

them which bore suburban plates although it was a passenger car. The troopers gave chase and finally reached a speed of between 80 and 90 miles per hour. The vehicle they were pursuing was pulling away from them and, therefore, traveling faster than the police vehicle. The police vehicle arrived at a point in the highway where the area was covered with dust, and they could see lights on their right-hand side of the road. As they approached the area where the headlights were they ascertained the lights were the headlights from a Nash sedan. The vehicle the troopers had been chasing was a Mercury, and was in this same area. Both vehicles were damaged as the result of an accident.

Reginald L. Mehling and Robert Mehling occupants of the Nash automobile died as a result of injuries they received on this occasion. The Mercury automobile which collided with the vehicle in which the decedents were traveling had been stolen prior to the accident by its operator at the time of the collision. He was a boy 16 years of age at the time of the accident and was accompanied by another boy who was, at the time, 14 years of age. The driver of the Mercury who lived at Taunton, Massachusetts, testified to the theft of the Mercury automobile and also to the prior theft of the Cadillac automobile. He admitted that he tried to speed up when he found that he was being pursued by the police, and that the vehicle he was driving sideswiped the Nash and that he was thereafter apprehended by the police; that he first saw the Nash automobile when he pulled out to pass it, and at that time he was traveling at a speed of around 90 miles per hour and that the Nash was going 40 to 50 miles per hour.

Prior to the happening of this accident the decedent, Reginald L. Mehling, who was the driver of the Nash automobile and was the father of the decedent, Robert Mehling, had been at the family camp at Salem, New York. He and his son, Robert L. Mehling, were returning to their home at Richmond Hills, New York.

Route 22 on which this accident occurred is a two-lane highway with a center line demarking opposite lanes of traffic and in the area where Route 22 is intersected by Routes 202 and 100. The point of impact between the two automobiles was about 75 feet north of two trees, which were located about 6 feet west of the edge of the paved portion of Route 22. Ten feet north of the northmost tree were two solid wooden guide posts about 8 inches in diameter and placed parallel to the road, 5 feet 10 inches from the highway, and about 4 feet apart. Between the northerly most tree and the south post there was a distance of

8 feet from the road to a stone headwall, at the end of a drainage pipe, which pipe ran across the road and under the road about 20 feet north of the northerly tree and about 5 feet 10 inches from the road there was a large white directional sign with black lettering containing the names of 7 points of destination. To the north of this sign for approximately 150 feet and extending about 75 feet in from the road there was a level unobstructed grassy area. A wire guide rail located 7 feet west of the pavement extended 120 feet north and parallel to the road, led to a retaining wall, and was located so that it connected with an imaginary line drawn along the guide rail to the two guard posts from a point on the road approximately where the trees were located as one would proceed north. The road at this point gradually increased in width from 30 to 40 feet. There were two signs, one reading "Groton Falls Slow" and the other a 30-miles-per-hour sign, which were located north of the scene of the accident.

After this accident occurred the Nash automobile was facing west and sandwiched between the trees hereinbefore mentioned. This vehicle was damaged to its left rear and its roof. Part of the before-mentioned directional sign was sheared off and both guard posts had been broken off. There was no previous record of any accidents in this portion of the highway. No proof was presented of any violation of any standard connected with the construction or maintenance of either the road or its appurtenances. The Mercury automobile was also found to be damaged as a result of its collision with the Nash automobile. This claim is predicated on the theory that the State in maintaining on this shoulder of the highway a sign, two guard posts, an open culvert with a sloping shoulder, and a tree, all in close proximity to the pavement, had created a trap for anyone using the shoulder for emergency purposes.

Claimants established damages, as follows: funeral bill of Reginald L. Mehling in the amount of $788.70. Reginald Mehling, a widower, 50 years of age at the time of his demise was engaged in the moving and storage business and self-employed. For the year prior to his demise he had earned $5,220.21, and the evidence presented would indicate that these earnings would remain constant or would increase.

The funeral bill of Robert Mehling was in the amount of $913.30. At the time of his demise he was 18 years of age and a student at the Citadel, a military college in South Carolina. He died five hours after the accident and was conscious at intervals during this period of time, and complained he was suffering pain.

852

Although the court feels a natural sympathy for the family of the deceased, nevertheless the evidence does not warrant financial recovery against the State of New York. While circumstantial evidence may support a recovery, to do so the inference of negligence or proximate cause must be the only ones that can fairly and reasonably be deducted from the facts. (*Cook* v. *State of New York*, 19 Misc 2d 583.) "In * * * such cases the balance of probabilities between causes which entail liability and others which do not is equal enough so that an inference of fact which entails liability is the result of more speculation." (*Tortora* v. *State of New York*, 269 N. Y. 167, 170.)

The evidence in the case at hand clearly indicates that the deceased's automobile was completely out of control of its driver after the collision with the Mercury automobile, and the fact that after this collision between these two automobiles one of them struck objects on the shoulder of the highway does not create liability on behalf of the State. (See *Kinne* v. *State of New York*, 8 N Y 2d 1068.) These claims are dismissed.