[Civil No. 1973.   Filed May 26, 1922.]

[206 Pac. 1085.]

## CITY OF DOUGLAS, a Municipal Corporation, Appellant, v. E. E. BURDEN, Appellee.

1. NEGLIGENCE—"PROXIMATE CAUSE" DEFINED.—The "proximate cause" of an event is that which, in a natural and continuous sequence unbroken by any new, independent cause, produces the event, and without which the event would not have occurred, which connection is broken when a new or subsequent cause intervenes so as to become the sole factor producing the injurious result to the

---

1. On the question of obstruction of highway as proximate cause of an injury notwithstanding intervening cause, see notes in 103 Am. St. Rep. 273; 1 Ann. Cas. 230; 9 L. R. A. (N. S.) 548.

exclusion of the negligence of the first wrongdoer in its opera-
tion as an efficient factor therein, but it is not broken by the
addition of another factor or cause which merely contributes to
the result without superseding the efficient operation of the ·first
cause.

2. MUNICIPAL CORPORATIONS—NEGLIGENCE IN PERMITTING UNGUARDED
DITCH IN STREET HELD PROXIMATE CAUSE OF INJURIES TO AUTO-
MOBILE DRIVER.—Negligence of city in permitting ditch to exist
unguarded in a street *held* the proximate cause of injuries to
automobile driver when automobile fell into the hole, though the
accident would not have occurred if negligence of other auto-
mobile driver in driving automobile across his path had not caused
him to drive on the side of the road where the ditch was located
to avoid a collision.

APPEAL from a judgment of the Superior Court
of the County of Cochise.    Albert M. Sames, Judge.
Affirmed.

Messrs. Boyle & Pickett, for Appellant.

Mr. David Benshimol, for Appellee.

FLANIGAN, J.—International Avenue, in the city
of Douglas, Arizona, lies immediately north of the in-
ternational boundary line between the United States
and the republic of Mexico, and runs in an easterly
and westerly direction. In the southern part of said
avenue and running in the same direction with it is a
large drainage ditch which for a long time had been
used or permitted to exist by the appellant city in an
open and unguarded condition. A Avenue is a north
and south highway in said city and has its southern
terminus on International Avenue.

Between 12 and 1 o'clock of the morning of June
5, 1920, the plaintiff was traveling south on A Avenue
in an automobile, and upon reaching International
Avenue turned to the west. In the north bank of the
ditch, about 175 feet west of the intersection of these
avenues, there was a hole or excavation caused ap-
parently by the erosion or crumbling of the ditch, so

that the bank at that place extended from the original line of the ditch in a semi-circular form into the street about seven or eight feet. As plaintiff proceeded westerly on International Avenue, with his automobile lights turned on, an automobile, driven by an unidentified person, coming from the west on International Avenue, when about opposite the ditch, cut diagonally across plaintiff's path from south to north. In order to avoid the apparent danger of collision plaintiff was forced to travel on the south side of the road. In so doing the left rear wheel of his car was brought to the edge of the hole, and, the earth giving away, the automobile fell into the hole, and, turning over on plaintiff, injured him. At the time of injury plaintiff was traveling about three miles an hour. The speed of the other machine he estimated at between fifteen and twenty miles an hour.

The facts stated appear from the testimony of plaintiff and are not disputed, and epitomize briefly, but sufficiently, the testimony upon which he obtained judgment against the defendant city for its negligence in maintaining the ditch in an unguarded condition. No question is made that the appellant city was negligent in permitting the ditch to remain in a condition dangerous to travelers on the avenue, and it is conceded that the only legitimate inference from the stranger's unexplained conduct is that he was negligent in cutting across plaintiff's path.

Upon these facts the appellant city argues its nonliability for the injury sustained by the appellee, upon the ground that the negligent act of the stranger in driving his car across the path of plaintiff, thereby compelling plaintiff to alter his course, was a new cause which intervened to bring about the injurious result, and, as such new cause was not a consequence of the negligence of the appellant, that therefore appellant's conceded negligence was merely a remote

24 Ariz.—7

cause or mere condition of the injury, while the negligence of the driver of the approaching automobile was the proximate cause thereof. This theory of the law counsel for appellant have presented to us in especially able oral and written arguments.

The following language, quoted in the case of *Crandall* v. *Consolidated Tel. etc. Co.,* 14 Ariz. 322, 127 Pac. 994, from the decision in *Christianson* v. *Chicago etc. Ry. Co.,* 67 Minn. 94, 69 N. W. 640, is a very clear statement of certain rules of the law of negligence:

"What a man may reasonably anticipate is important and may be decisive in determining whether an act is negligent, but it is not at all decisive in determining whether that act is the proximate cause of an injury which ensues. If a person had no reasonable ground to anticipate that a particular act would or might result in any injury to anybody, then, of course, the act would not be negligent at all; but, if the act itself is negligent, then the person guilty of it is equally liable for all its natural and proximate consequences, whether he could have foreseen them or not." Otherwise expressed, "the law is that, if the act is one which the party ought, in the exercise of ordinary care, to have anticipated was liable to result in injury to others, then he is liable for any injury proximately resulting from it, although he could not have anticipated the particular injury which did happen. Consequences which follow in unbroken sequence, without an intervening efficient cause from the original negligent act, are natural and proximate; and for such consequences the original wrongdoer is responsible, even though he could not have foreseen the particular results which did follow."

In the Crandall case the facts were that the defendant telephone company had strung its wires in too close proximity to the power transmission wires of the Consolidated Canal Company, without protection against their coming into contact with such wires in the event of their breaking or sagging. It ap-

peared also that the telephone instrument at the plant where plaintiff's intestate was employed was not protected from an overcharge of electricity by ground wires, or fuse plugs, or other approved safety devices. The injury was the direct result of the act of one Cuber in cutting a large limb or branch from a fig tree standing on his premises, in proximity to the power line and the line of the telephone company near the point where the lines crossed, which limb or branch in falling struck the power wires, causing them to break and come into contact with the telephone wires, whereby the electric company's current from the power wires was transferred to the telephone wires leading to the telephone instrument in the plant where deceased was working, so causing his death.

It was contended for the telephone company that the injury was due solely to the intervening act of Cuber, and was not caused by the negligence or fault of the company. The court stated in the course of the opinion that it was clear that the combined act of the defendant and Cuber produced conditions that resulted in the injury, and, further, that if the act of Cuber was negligent, the damage resulted from the concurrent negligence of the defendant and Cuber, and the act of each might be counted on as the wrongful cause of the injury, and the parties held jointly or severally liable for such injury. And it was held that the merely negligent act of Cuber was not such an intervening cause as would break the chain of causation brought about by the negligence of the telephone company, and the telephone company was therefore responsible for the whole damage.

The ruling in the Crandall case was followed in *Mesa City* v. *Lesueur*, 21 Ariz. 532, 190 Pac. 573, where the negligence of the defendant city in insufficiently tamping down the loose earth excavated from a trench which it had constructed had co-oper-

ated with the work of a gopher in perforating the banks of an irrigation ditch so as to let out water in the ditch, to the injury of adjoining property. The city was held liable, following the rule stated by Bishop in his work on Noncontract Law, paragraph 39:

"When the injury proceeds from two causes operating together, the party putting in motion one of them is liable the same as though it was the sole cause. This is one form of a universal principle in the law that he who contributes to a wrong, either civil or criminal, is answerable as doer. And it is immaterial to this proposition whether that to which he contributes is the volition of a responsible person, or of an irresponsible one, or whether it is a mere inanimate force, or a force in nature, or a disease."

The same principle had been theretofore decided by the territorial court to fix liability upon a railroad company for its negligence in constructing a spur-track, which, coupled with the negligence of the conductor of one of its trains, contributed to an accident to an employee in the service of the company; the court holding that, if the railroad company was negligent in constructing the track, and such negligence contributed to the injury, then such negligence, coupled with the negligence of the conductor, was the proximate cause of such injury, and the company was liable. *Gila Valley, Globe & N. Ry. Co.* v. *Lyon,* 9 Ariz. 218, 80 Pac. 337.

Upon a re-examination of the authorities, we see no reason to doubt the correctness of these decisions. See *Village of Carterville* v. *Cook,* 129 Ill. 152, 16 Am. St. Rep. 248, and notes, 4 L. R. A. 721, 22 N. E. 14; *Louisville Home Tel. Co.* v. *Gasper,* 123 Ky. 1057, 9 L. R. A. (N. S.) 548, and note, 93 S. W. 1057; *Pastene* v. *Adams,* 49 Cal. 87; *Gonzales* v. *City of Galveston,* 84 Tex. 3, 31 Am. St. Rep. 17, 19 S. W. 284; *Lane* v. *Atlantic Works,* 111 Mass. 136;

*Poole* v. *Tilford,* 99 Or. 585, 195 ·Pac. 1114; *Colorado Mort. & Inv. Co.* v. *Rees,* 21 Colo. 435, 42 Pac. 42; *Christianson* v. *Chicago, St. P., M. & O. Ry. Co.,* 67 Minn. 94, 69 N. W. 640; *Pullman's Palace Car Co.* v. *Laack,* 143 Ill. 242, 18 L. R. A. 215, 32 N. E. 285; Street's Foundations of Legal Liability, vol. 1, c. 8.

Speaking of intervening and concurrent causes, the authors of Shearman & Redfield on Negligence, sixth edition, in section 31, say:

"The causal connection (that is to say, between the first negligence and the injury) must be actually broken, the sequence interrupted, in order to relieve the defendant from responsibility. The mere fact that another person concurs or co-operates in producing the injury or contributes thereto in any degree, whether large or small, is of no importance. If the injuries caused by the concurrent acts of two persons are plainly separable, so that the damage caused by each can be distinguished, each would be liable only for the damage which he causes; but, if this is not the case, all the persons who contribute to the injury by their negligence are liable, jointly and severally, for the whole damage. It is immaterial how many others have been in fault, if the defendant's act was an efficient cause of the injury."

The teaching of these authorities is that one is liable to respond in damages for the proximate results of his negligent act. The proximate cause of an event is that which, in a natural and continuous sequence unbroken by any new, independent cause, produces the event, and without which the event would not have occurred. This connection is broken when a new or subsequent cause intervenes so as to become the sole factor producing the injurious result to the exclusion of the negligence of the first wrongdoer in its operation as an efficient factor therein, but it is not broken by the addition of another factor or cause which merely contributes to the result without superseding the efficient operation of the first

cause. It is therefore no defense in this case that but for the negligent act of the stranger in driving an automobile across plaintiff's path the injury would not have occurred, because it appears as well that but for the negligent act of the city the injury would not have occurred. The negligent cause attributable to the appellant being operative in the degree and to the extent mentioned, the appellant is not to be relieved from liability for the consequent injury by the happening of an event due to accident or the mere negligence of a third party which merely aids in producing the injury without superseding the operation of the original wrongdoing as an efficient and operative cause of such result.

We believe it would be an unwarranted finding of a court or jury to say that the maintenance or toleration of such a patently dangerous condition as this deep ditch in a traveled public highway did not in the circumstances, as an incontestable fact, bring about and partly produce the injury in question. Although the happening of the precise event by which plaintiff was thrown into the ditch could not have been foreseen, the appellant—in the language of the authorities expressing the implication arising from the legal duty to use care—was bound to know that some such injury was likely to occur and to guard against the event which did happen. Certainly the probability of some such occurrence would at once have suggested itself to any person who had thought about the subject at all.

As the appellant was negligent in permitting this ditch to be and remain in the public highway, and as such negligence was unquestionably an efficient, operative, and contributing cause at the time of the injury to produce the result, and as this result followed from appellant's negligence in a natural and continuous sequence without its being shown that an

independent cause intervened to break and supersede the effect of the original wrongful act of the appellant, it is liable for the injuries sustained by the appellee.

The judgment is therefore affirmed.

ROSS, C. J., and McALISTER, J., concur.