307 P.2d 98

**STATE of Arizona, Appellee,**
**v.**
**Margaret COLVIN, Appellant.**
**No. 1087.**

Supreme Court of Arizona.
Feb. 19, 1957.

Hymen D. Goldberg, Tucson, for appellant.

Robert Morrison, Atty. Gen., H. B. Daniels, Asst. Atty. Gen., and Raul H. Castro, County Atty. of Pima County, Tucson, for appellee.

UDALL, Chief Justice.

This is an appeal by Margaret Colvin (defendant-appellant), who operated a ·rest home in Tucson for aged persons, 'from a judgment of conviction, on three counts, of the crimes of aggravated assault, a felony. The trial was held in November, 1955. Defendant's motions (1) in arrest

of judgment, and (2), for a new trial, were denied and this appeal followed.

The information filed by the county attorney charged defendant with four separate aggravated assaults upon aged persons at the rest home, viz.:

Count 1, upon the person of Jessie White, on August 1, 1955;

Count 2, upon the person of Leontine Brown, on August 1, 1955;

Count 3, upon the person of Bertha Schochow, on Aug. 20, 1955; and

Count 4, upon the person of Bertha Schochow, on Aug. 21, 1955.

Each count alleged the defendant was "an adult female person of robust health and strength" and that the person allegedly assaulted was "a female person decrepit and in ill health", all in violation of section 43–603, A.C.A.1939 (now section 13–245, subd. A(2), A.R.S.1956). The jury acquitted the defendant on count 4, supra. The court imposed sentence on each of the other counts, of 18 months to two years, to be served concurrently.

Eighteen assignments of error and fourteen supporting propositions of law have been presented by defendant. Many of these do not require extended discussion. We shall not consider the propositions seriatim.

Several assignments deal with claimed errors relating to procedural matters. First, it is urged the trial court erred in denying a motion to quash the information because no lawful complaint was presented to the magistrate. Defendant argues the complaint does not meet the requirement of the rules and statutes as the complainant, one Wilbur Schochow, a son of Bertha Schochow, was a lay person who relied solely upon hearsay knowledge in filing charges against defendant; hence, it is contended that by reason of this claimed defect the magistrate was without jurisdiction to hear the proceedings. A similar contention was rejected in Turley v. State, 48 Ariz. 61, 59 P.2d 312; nor is there any solace for the defendant in the fact that there complainant was an officer of the law. We deem the basic philosophy of the Turley case, supra, controlling here, and, therefore, find no merit in this assignment.

Subpoenas duces tecum.

Defense counsel obtained several subpoenas duces tecum directed to the county attorney and members of his force, requiring them to bring to the preliminary hearing the following:

"* * * All written statements of witnesses, other papers or documents, chains, sticks, and any other physical objects relating to any charge in the complaint or that may be offered in evidence, or that may constitute evidence relating to any charge in the complaint, in your possession or control."

Upon motion of the county attorney these subpoenas were later stricken. Defendant maintains this ruling deprived her of due process of law and that the preliminary hearing was wholly illegal as a result thereof. She assigns as error the denial of her motion to quash the information upon this ground. It seems obvious that these vague subpoenas duces tecum, supra, were, in the main, an attempt to go on a "fishing expedition", probably in order to obtain the "work product" of the county attorney.

While we know of no Arizona rule or statute which provides specifically for such sweeping process as defendant claims was hers as a matter of right, this court has held that inspection and discovery might be permitted in criminal cases by exercise of the inherent power of the court. See, State ex rel. Mahoney v. Superior Court, 78 Ariz. 74, 275 P.2d 887, and State ex rel. Polley v. Superior Court of Santa Cruz County, 81 Ariz. 127, 302 P.2d 263. However, a request for the employment of such power is directed solely to the sound discretion of the presiding judge or magistrate. In the instant matter we perceive no abuse of discretion; hence, there is no merit to this assignment.

### Bill of particulars.

■■ As to count number three of the information (as well as the other counts)—defendant filed a two-page motion for a bill of particulars, endeavoring in this manner to procure much of the same information sought by the subpoenas duces tecum. Inasmuch as a full preliminary hearing has been held on this count the trial court denied such motion. This action is assigned as error. In the case of State v. Benham, 58 Ariz. 129, 118 P.2d 91, we held (a) the right to a bill of particulars was discretionary and not mandatory, and (b) that a bill of particulars is required to be furnished defendant only when it is necessary, and that the question of necessity for defendant to be further informed of particulars of an offense rests in the sound discretion of the court. Upon the record before us there appears no abuse of discretion, hence, this assignment is also without merit.

### Lack of preliminary hearing.

■■ We next consider defendant's major contention that the trial court erred in failing to grant her motion to quash counts 1 and 2 of the information on the ground that she had not been given a preliminary hearing on the offenses alleged therein. The Constitution of Arizona, Article 2, section 30, provides that

"* * * no person shall be prosecuted for felony by information without having had a preliminary examination before a magistrate or having waived such preliminary examination."

This constitutional provision is implemented by Rules Cr.Proc. 114, Sec. 44–503, A.C.A. 1939 (now 17 A.R.S. rule 79). The factual predicate for this contention is as follows:

the criminal complaint laid before the justice of the peace, sitting as a committing magistrate, only charged defendant with three counts of aggravated assault upon Bertha Schochow. At the preliminary hearing, over objection of defendant, the prosecution was permitted to introduce evidence of claimed aggravated assaults upon Jessie White and Leontine Brown (later covered by counts numbered 1 and 2, supra), this upon the theory that it tended to prove "motive, intent or what have you". At the close of the preliminary hearing, without the filing of a new complaint charging such offenses the county attorney requested that the defendant be held to answer to the superior court for aggravated assaults upon the persons of Jessie White and Leontine Brown. Reliance was had upon Rules Cr.Proc. 55, Sec. 44–322, A.C.A.1939 (now 17 A.R.S. rule 33), which reads in part:

"If it appears that *any* offense has been committed and that there is probable cause to believe the defendant guilty thereof, the magistrate shall hold him to answer. * * *" (Emphasis supplied.)

Over the vigorous objection of defense counsel that they had had no preliminary hearing on those charges, the magistrate proceeded to hold defendant to answer thereon. Based upon this order, the information was filed containing counts one and two, supra. Upon arraignment—but before pleading to the merits—defendant filed a motion to quash such counts for the reason that no preliminary hearing had been held on. such charges. Hence no claim can be made that such objection was waived under Rules Cr.Proc. 114 (Sec. 44–503, A.C.A.1939). See, State v. Singleton, 66 Ariz. 49, 182 P.2d 920. The motion to quash was denied.

We are of the opinion the court erred in its ruling. On this record it indubitably appears defendant was not given a preliminary hearing guaranteed by our Constitution as to these charges. We concede that rule 55, supra (which, incidentally, was prepared and approved by the American Law Institute as one of the rules constituting a model code of criminal procedure and was adopted by this court on April 1, 1940), is susceptible of the construction placed upon it both by the magistrate and trial court. It was very loosely drawn and subsequent to defendant's trial was amended by this court. See present rule 33, Rules of Criminal Procedure, effective January 1, 1956. Unfortunately there is an apparent paucity of authority precisely treating this problem. Two early Arizona decisions—Duke v. State, 1937, 49 Ariz. 93, 64 P.2d 1033, and Fertig v. State, 1913, 14 Ariz. 540, 133 P. 99—merely touch upon it. Both dealt with statutory provisions then in effect and held an information is bottomed upon the commitment rather than the complaint, but neither decision concerned our narrow question as to

394

whether in law a preliminary hearing had in fact been held. The following cases, however, are helpful by way of comparison; they indicate a viewpoint which is consonant with ours on this aspect of the preliminary examination: Parks v. Superior Court, 38 Cal.2d 609, 241 P.2d 521, 523; People v. Bird, 212 Cal. 632, 300 P. 23, 28; State v. Pay, 45 Utah 411, 146 P. 300; State v. Freeman, 93 Utah 125, 71 P.2d 196, 200.

In view of the amended rules it appears to us that an extended disc·:ssion of the matter would be profitless. Suffice it to say that in our opinion the old rule was only intended to permit the magistrate to hold a defendant to answer for a crime "kindred to the charge laid in the complaint", i. e., one that. arose out of the transaction stated in the original complaint, cf. Lee v. State, 27 Ariz. 52, 229 P. 939, and Duke v. State, supra, and that it has no application to a situation where, as here, the crime alleged in the complaint was unrelated to or unconnected with another offense that may have been shown at the hearing. For these reasons we hold that as to counts 1 and 2, the court's failure to grant defendant's motion to quash was a denial of a constitutional right that compels a reversal of the judgment: of conviction thereon.

.. Many of the remaining assignments and propositions of law are directed to matters having to do with counts one and two which are herein ordered dismissed, and to count number four upon which the defendant was acquitted. Therefore, it is not necessary that we either state or consider such assignments except insofar as they may have a possible bearing upon matters complained of under the remaining count three.

In the limited field left for review defendant contends that the following matters were prejudicial to her: (a) the court's admission in evidence, under Rules of Criminal Procedure, 53(2), Sec. 44–319, A.C.A.1939 (now 17 A.R.S. rule 30, subd. B), of the testimony given by Mrs. Elizabeth Naas at the preliminary hearing; (b) admission in evidence of two small metal chains and their display to the jury; and (c) indication of offenses unrelated to those charged by reason of volunteered statements of certain aged witnesses (former inmates of the rest homes) called by the State to refute evidence as to defendant's good character. We find no merit in the argument as to any of these matters for the following reasons, respectively: (a) the record shows this aged and feeble witness had previously confronted the defendant at the preliminary hearing, and was in no fit physical condition to attend the trial, and furthermore her evidence had solely to do with the acts alleged under count four; (b) the chains were properly connected with the offenses charged under counts one and two, and in and of them selves they are not repulsive or offensive;

and (c) practically all such testimony was stricken and the jury told to disregard it.

### Corroboration.

The aggravated assault relied upon by the State to establish count three involved the alleged unlawful and wilful tying and restraining of Bertha Schochow to her bed on the night of August 20 by means of a twisted rope or cord. The evidence disclosed that the restraint was at first actually applied by Esther Bristow, an employee of the rest home, under the direct order of defendant. Assuming, but without deciding, Mrs. Bristow was an accomplice, it is urged that the court erred in denying defendant's motion to dismiss count three upon the ground no conviction may rest upon the uncorroborated testimony of an accomplice. Reliance is had upon the well established principle that a conviction cannot be obtained on the testimony of an accomplice unless the same is corroborated by other evidence which, in itself and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense. See, State v. McDaniel, 80 Ariz. 381, 298 P.2d 798.

As we read the testimony, the incident relied upon by the State was not denied by defendant; rather it was admitted she ordered this action be taken. Where, as here, a defendant moves for dismissal of a count at the close of all the evidence, his own testimony, though damaging to himself, can be examined, for all the evidence is considered when the motion is renewed at that time. See, United States v. Ginn, D.C., 124 F.Supp. 658, 665, reversed in 3 Cir., 222 F.2d 289 on other grounds, and 23 C.J.S., Criminal Law, § 1145 c(7). She contended there was no intent to commit a crime because the restraint was imposed upon the patient for her own benefit, i. e., to prevent her falling off the bed, and that there was no unlawful or wilful intent to commit a violent injury upon her. The court properly informed the jury on this issue by instructing it that in order to convict, the jury must find Mrs. Schochow was "unlawfully and wilfully tied with a leash". Also appropriate instructions as to agency and criminal intent were given.

Defendant admitted that later in the night she untied Mrs. Schochow, helped her to the bathroom, and replaced the restraints on her wrists upon returning to the bed. Also, Miss Shirley Feigel in the State's case in chief testified that about 7 o'clock on the following morning, defendant told her Mrs. Schochow had been making noises during the night but that " ' * * * we put a stop to that' ", and then suggested Miss Feigel look for herself, which she did, finding Mrs. Schochow "gagged" and tied to the bed with a leash.

We hold the trial court did not err in denying the motion to dismiss nor in sub-

mitting, under appropriate instructions, this matter of the sufficiency of corroboration, to the jury as there was ample evidence to justify taking such action. Cf. State v. McDaniel, supra.

Instructions.

■■■■ Complaint is made as to the court's failure to give four instructions proffered by defendant. Two of these had to do solely with counts one and two and, hence, need not be considered. Of the remaining two, which were directed to the offense alleged under count three, the first (No. 16) was obviously erroneous. The other (No. 21) was fairly drawn and might properly have been given; nevertheless, we find the point involved was covered by other instructions. A careful examination of the entire charge given to the jury has convinced us that it was adequately and correctly advised of the law governing the case. No error is perceived in the instructions.

Counsel complains of a "prejudicial atmosphere" that deprived defendant of a fair trial. This charge is not borne out by the record. We have very carefully read the 743-page reporter's transcript of the four-day trial, and it appears the learned trial court very skillfully and fairly conducted said trial; defendant's rights were at all times carefully and painstakingly preserved. Any errors that may have occurred could not be considered so prejudicial as to justify a reversal. By its verdict a jury of her peers has resolved the sharply conflicting evidence against defendant. It would unduly extend the opinion to discuss all the minor matters urged on this appeal; suffice it to say that all assignments of error have been carefully considered, and those not treated herein were found to be without merit.

Judgments predicated on counts one and two are reversed, but the judgment is affirmed as to the conviction under count three.

Reversed in part, affirmed in part.

WINDES, PHELPS, STRUCKMEYER, and LA PRADE, JJ., concur.