611 P.2d 943

**Patricia L. LOWMAN, Appellant,**

v.

**CITY OF MESA, a Municipal Corporation, Appellee.**

**No. 1 CA–CIV 4479.**

Court of Appeals of Arizona, Division 1, Department B.

March 27, 1980.

Rehearing Denied May 16, 1980.

Review Denied June 3, 1980.

John D. Lewis, P. C., by John D. Lewis, Tempe, for appellant.

Udall, Shumway, Blackhurst, Allen, Bentley & Lyons by Merle M. Allen, Jr., and Steven H. Everts, Mesa, for appellee.

## OPINION

O'CONNOR, Judge.

This is an appeal from a summary judgment in favor of appellee. The sole issue is whether a municipality can be held liable for personal injuries as a result of its failure to remove a stalled vehicle from its streets or of its failure to warn the motoring public of its existence. We hold that it can under the circumstances described herein and that the trial court erred in granting summary judgment.

Early in the morning, August 7, 1976, an unattended vehicle was parked on the roadway of the westbound curb lane of Baseline Road near its intersection with Pennington Street, within the city limits of Mesa, Arizona. The driver, Shirley Ballesteros, left the vehicle at that location because of mechanical difficulties. Eighteen hours later, in the early morning hours of August 8, 1976, an automobile driven by appellant struck the unattended vehicle. The city had no actual notice of the presence of the stalled vehicle. The police officers on duty at the time testified they had not seen the stalled vehicle.

The city has a duty to keep its streets reasonably safe for travel. *City of Phoenix v. Clem*, 28 Ariz. 315, 237 P. 168 (1925). As stated in the *Clem* opinion, 28 Ariz. at 327, 237 P. at 172: [1]

---

1. *See also City of Phoenix v. Camfield*, 97 Ariz. 316, 400 P.2d 115 (1965) (dips in street); *Stone v. Arizona Highway Commission*, 93 Ariz. 384, 381 P.2d 107 (1963) (improper highway mark-

The standard of care imposed upon a municipality is that of an ordinarily prudent man. It is bound to keep its streets reasonably safe for travel, but it is not an insurer of those who travel thereon. . . [T]he rule is that the city must have actual notice of a defect, or the defect must have existed a sufficient length of time to imply notice, before it is guilty of actionable negligence.

In *Delarosa v. State*, 21 Ariz.App. 263, 265, 518 P.2d 582, 584 (1974), the court stated, "The state's liability is not limited to defects created by the state, but includes dangerous conditions permitted by it to continue in existence." However, in *Delarosa*, a directed verdict in favor of the state was upheld because the evidence disclosed that the unattended vehicle had been left parked *off* the travelled portion of the roadway, and it later rolled onto the highway causing a collision as it did so. The court found the evidence insufficient to establish that the state had negligently permitted the vehicle to obstruct the road.

In *Jensen v. Maricopa County*, 22 Ariz. App. 27, 522 P.2d 1096 (1974), a summary judgment in favor of the county was reversed where the plaintiff, a motorcyclist, had collided with a steer on the roadway which was not fenced. No signs warning of possible livestock on the highway had been posted. The court stated:

The duty of the County is to maintain its highways reasonably safe for travel. *City of Phoenix v. Weedon*, 71 Ariz. 259, 226 P.2d 157 (1950). The municipal duty to keep public ways reasonably safe for persons using them in the usual way ordinarily extends to such obstructions and hazards as actually impede a normal and reasonable use of such ways. 19 McQuillin, Municipal Corporations § 54.11, p. 31 (1967). We believe the facts of this case

are analogous to the situation *where a third person creates an obstruction upon a highway.* In such cases the municipality can be liable for the obstruction caused by an abutting landowner when it has notice of the defect and fails to remove or warn of its existence. Id. at § 54.43, p. 116. In order to charge the municipality with liability for such obstruction created by a third person, the municipality must have had actual notice of the condition or notice of such facts and circumstances as would, by the exercise of reasonable diligence, have led a prudent person to such knowledge.

22 Ariz.App. at 28–29, 522 P.2d at 1097–98 (emphasis added).

Appellee contends that any duty to remove the stalled vehicle was one owed only to the public at large and not to any individual, and that the case is governed by *Massengill v. Yuma County*, 104 Ariz. 518, 456 P.2d 376 (1969). The court in *Massengill* upheld dismissal of an action against Yuma County where the injuries resulted from the actions of two intoxicated drivers whom a Yuma County deputy sheriff had seen on the highway. The injured party argued that the officer could have arrested the two drivers and thereby could have prevented the subsequent accident and injuries. The opinion held that, where injuries result from a failure of a governmental agency or officer to protect the public generally from external hazards, there is no liability in negligence to the member of the public who suffers injuries as a result. However, the court in *Massengill* recognized that:

there are situations where a government, or agency thereof, can by its conduct, narrow an obligation owing to the general public into a special duty to an

ers); *Harlan v. City of Tucson*, 82 Ariz. 111, 309 P.2d 244 (1957) (dips in street); *City of Phoenix v. Weedon*, 71 Ariz. 259, 226 P.2d 157 (1950) (raised section of public sidewalk); *City of Phoenix v. Mayfield*, 41 Ariz. 537, 20 P.2d 296 (1933) (lack of guardrails between roadway and open canal); *City of Douglas v. Burden*, 24 Ariz. 95, 206 P. 1085 (1922) (hole in roadway); *Jensen v. Maricopa County*, 22 Ariz.App. 27,

522 P.2d 1096 (1974) (failure to warn that livestock might be on highway); *City of Glendale v. Bradshaw*, 16 Ariz.App. 348, 493 P.2d 515 (1972) (failure to warn that traffic must change direction); *Walker v. County of Coconino*, 12 Ariz.App. 547, 473 P.2d 472 (1970) (ice on county highway); *State v. Watson*, 7 Ariz.App. 81, 436 P.2d 175 (1967) (failure to warn of narrow bridge).

individual, for the breach of which it is responsive in damages. 104 Ariz. at 523, 456 P.2d at 381.

Other Arizona cases have found only a general duty to the public and have refused to impose liability on the governmental entity for individual injuries. *See Bagley v. State*, 122 Ariz. 365, 595 P.2d 157 (1979) (failure of mine inspector to shut down a mine violating safety standards); *McGeorge v. City of Phoenix*, 117 Ariz. 272, 572 P.2d 100 (App.1977) (failure of police to detain a person known to police to have violent tendencies or failure to warn decedent of those tendencies); *Ivicevic v. City of Glendale*, 26 Ariz.App. 460, 549 P.2d 240 (1976) (failure of police to prevent intoxicated person from driving); *Duran v. City of Tucson*, 20 Ariz.App. 22, 509 P.2d 1059 (1973) (failure of fire department officials to enforce fire code). *Cf. Grimm v. Arizona Board of Pardons and Paroles*, 115 Ariz. 260, 564 P.2d 1227 (1977) (duty of Parole Board narrowed to an individual one by assumption of control by Board over dangerous parolee).

 In this case, the Mesa City Code § 10–3–29(A)(3) authorizes the city police to remove unattended vehicles the presence of which constitutes a hazard.[2] Any duty of the police by virtue of the code to remove such a vehicle is one owed to the public generally and the failure of the police to remove a vehicle in violation of this duty would not ordinarily give rise to liability to a member of the public injured by the failure to remove it. However, the city has a common law duty owed to all users of city streets to keep them reasonably safe for travel, and to warn the users of any actual dangers known to the city or which should be known to the city in the exercise of reasonable care. It is an alleged breach of *this* duty which appellant is entitled to have considered by the trier of fact. Viewing the evidence in the light most favorable to appellant, there is an issue of fact as to whether sufficient time had elapsed when the unattended vehicle was on the roadway

for the city to have discovered the hazard and to have taken reasonable steps to correct it or to warn users of the street of its presence. *City of Phoenix v. Weedon*, 71 Ariz. 259, 226 P.2d 157 (1950); *Delarosa v. State*, 21 Ariz.App. 263, 518 P.2d 582 (1974); *Walker v. County of Coconino*, 12 Ariz.App. 547, 473 P.2d 472 (1970).

The summary judgment of the trial court is reversed, and the cause is remanded for trial.

EUBANK, P. J., and HAIRE, J., concur.

---

2. The present code was renumbered in 1978. The law in effect at the time of the accident was cited as Mesa Traffic Code § 1–1–119(A)(3). *See* A.R.S. § 28–627.